413 F.2d 854
 11 A.L.R.Fed. 261
 Elizabeth Elaine CRAIG, Administratrix of the Estate of
Robert J. Craig, Appellant,
v.
The UNITED STATES of America, Timken Roller Bearing Company,
a corporation; Aluminum Company of America, a corporation;
Bethlehem Steel Corporation, acorporation; McKiernan-Terry
Corporation, a corporation; and Does I through X, Appellees.
 No. 22319.
 United States Court of Appeals Ninth Circuit.
 June 24, 1969.
 
 Walter P. Christensen (argued), San Diego, Cal., for appellant; Roscoe S. Wilkey (argued), Charles W. Rees, Jr., Laurence L. Pillsbury, San Diego, Cal., McInnis, Focth & Fitzgerald, San Diego, Cal., of counsel.
 Luce, Forward, Hamilton & Scripps, San Diego, Cal., Wm. Matthew Byrne, Jr., U.S. Atty., Lillick, Geary, McHose & Roethke, Los Angeles, Cal., for appellee.
 Before HAMLEY and DUNIWAY, Circuit Judges, and BYRNE, District Judge.*
 HAMLEY, Circuit Judge:
 
 
 1
 Elizabeth Elaine Craig, Administratrix of the Estate of Robert J. Craig, filed this wrongful death action on August 16, 1965. She alleged that, on August 19, 1963, Robert J. Craig was killed on the high seas off Okinawa while attempting to land his military airplane on the aircraft carrier the U.S.S. CONSTELLATION. According to the complaint, the accident was caused by the negligence of the defendants resulting in defects in the arresting equipment of the vessel. District court jurisdiction was based on the Death on the High Seas Act, 46 U.S.C. 761-768 (1964).
 
 
 2
 The defendants named in the complaint were the United States, Timken Roller Bearing Company, Aluminum Company of America, Bethlehem Steel Corporation, McKiernan-Terry Corporation, and 'Does I through X.' Plaintiff caused service of an alias citation and a copy of the complaint to be made upon Litton Systems, Inc. (Litton) as 'Doe I,' on February 28, 1966. Litton appeared specially, contending that the alias citation was issued prematurely and that Litton had not properly been brought before the court.
 
 
 3
 The court ordered plaintiff to serve and file a motion for leave to amend the complaint to place Litton before the court, postponing argument on Litton's exceptions until argument was had on the motion to amend. The motion was thereafter filed and served. Following argument on the motion and exceptions, the court denied plaintiff's motion to amend the complaint by naming Litton in substitution of 'Doe I.' Plaintiff appeals.
 
 
 4
 The limitations period for actions filed under the Death on the High Seas Act is two years from the date of the wrongful act. 46 U.S.C. 763. Accordingly, the statute of limitations had run with regard to this action by August 19, 1965. As indicated above, the alias citation and a copy of the complaint were served upon Litton on February 28, 1966.
 
 
 5
 The district court held that the two-year statute of limitations bars plaintiff's claim against Litton unless, applying the principles stated in Rule 15(c), Federal Rules of Civil Procedure, the proposed amendment of the complaint, adding Litton as an additional party, relates back to the date of the original complaint. The district court further held that, applying those principles to the circumstances of the case, plaintiff's proposed amended complaint did not relate back.
 
 
 6
 Plaintiff argues that, regardless of Rule 15(c), if an action is timely with respect to a fictitiously-named defendant, it is not barred as to an actual defendant named in lieu of the fictitious defendant in an amended complaint filed after the statute has run.
 
 
 7
 There is no provision in the federal statutes or Federal Rules of Civil Procedure either authorizing or expressly prohibiting the use of fictitious parties. However, this court has at least twice expressed disapproval of the practice. In Tolefree v. Ritz, 9 Cir., 382 F.2d 566, 567, a civil rights action, we held that it was proper to dismiss the action as to fictitious defendants. In Sigurdson v. Del Guercio, 9 Cir., 241 F.2d 480, an action for a declaratory judgment and to enjoin certain action by immigration officers, this court said:
 
 
 8
 'These John Doe complaints are dangerous at any time. It is inviting disaster to allow them to be filed and to allow fictitious persons to remain defendants if the complaint is still of record. Appropriate action has been taken by the trial court on its own motion in some such cases. Although the fact that the Rules of Civil Procedure, 28 U.S.C.A., contain no express prohibition upon the subject, there is no authority of which we are aware for the joining of fictitious defendants in an action under a federal statute. These defendants should have been eliminated by motion of Del Guercio. * * *' (241 F.2d at 482)[1]
 
 
 9
 This is an action in admiralty, and one district court has expressed approval of the practice of naming fictitious defendants in an admiralty suit, in view of the traditional liberality as to pleadings in admiralty. Phillips v. United States, N.D.Cal., 127 F.Supp. 912. On the other hand, this court has expressed doubt concerning the practice even in admiralty suits. See California Stevedore & Ballast Co. v. Pan-Atlantic S.S. Corp., 9 Cir., 291 F.2d 252, 253.
 
 
 10
 The only purpose the naming of fictitious defendants could possibly serve is to make it possible to substitute named defendants after the statute of limitations has run. But Rule 15(c), Federal Rules of Civil Procedure, provides the only way in which defendants, not accurately named in a pleading before the limitation period has run, may be accurately named afterwards. That rule, which pertains to the relation back of the pleadings, makes no mention of the pleading of fictitious parties. It is therefore wholly immaterial, insofar as the application of that rule is concerned, whether fictitious defendants were named prior to the running of the statute.[2]
 
 
 11
 It may be, although this is not entirely clear, that plaintiff is also arguing that under Rule 15(c) and apart from the naming of fictitious defendants in the original complaint, the amended complaint naming Litton for the first time relates back to the date of the original pleading.
 
 
 12
 Under Rule 15(c), an amended complaint 'changing the party against whom a claim is asserted relates back to the date of the original pleading only if all three of the following conditions are met: (1) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (2) within the period provided by law for commencing the action against him, the party to be brought in by amendment has received such 'notice of the institution of the action' that he will not be prejudiced in maintaining his defense on the merits; and (3) within the period provided by law for commencing the action against him, the party to be brought in knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.[3]
 
 
 13
 The district court held that Litton did not receive such notice of the institution of this action, prior to the running of the statute of limitations, as to enable it to maintain its defense without prejudice, and that therefore the second of the above-stated conditions of Rule 15(c) had not been met. On this ground, the court denied the motion to amend the complaint to name Litton as an additional party.
 
 
 14
 The facts concerning Litton's notice of the institution of this action are not in dispute. A seaman who was injured in the same accident in which pilot Craig was killed brought an action for damages within the statutory period against Litton and others in the United States District Court for the Southern District of New York. The action was entitled Sevits v. McKiernan-Terry Corporation et al., 270 F.Supp. 887. Prior to the running of the statute, Litton investigated the facts relevant to that lawsuit.
 
 
 15
 However, while the instant action, involving the death of a pilot in the same accident, was instituted prior to the running of the statute, there is nothing in the record to show that Litton knew or had reason to know of this lawsuit before the statutory period had run. The notes of the Advisory Committee following the 1966 amendment of Rule 15(c), state that notices of the institution of the action 'need not be formal,' but here Litton received no notice, formal or informal, of the institution of the action.
 
 
 16
 It follows that if the words of the second condition of Rule 15(c), 'notice of the institution of the action,' mean notice, within the statutory period, of the filing of the lawsuit, that condition was not fulfilled apart from the 'prejudice' factor. It would also follow that the third condition was not fulfilled because that condition is also premised upon notice of the 'action' prior to the running of the statute.
 
 
 17
 Plaintiff argues, in effect, however, that 'action' as used in Rule 15(c) means incident giving rise to the action and that since Litton knew of the incident before the statute had run, the second and third conditions were fulfilled.
 
 
 18
 In our opinion, 'action,' as used in Rule 15(c), means a lawsuit, and not the incident giving rise to a lawsuit. The relevant words are 'notice of the institution of the action.' A lawsuit is instituted; an incident is not.
 
 
 19
 Moreover, even if the rule means notice of the incident rather than notice of the institution of the action, there was a failure to fulfill the further requirement of the second condition that the notice be such that the new defendant 'will not be prejudiced in maintaining his defense on the merits.'
 
 
 20
 While Litton had, prior to the running of the statute, investigated the factual issues relevant to seaman Sevits' suit, it was not shown to have investigated additional factual issues relating primarily to the suit now before us. In our suit the decedent was the pilot of the airplane. He crashed into the sea while attempting to land on the aircraft carrier. Therefore, as to this suit, the facts pertaining to the pilot's acts and omissions at the time of the accident have a direct bearing upon the amount of recovery, whereas they may have only incidental relevance in seaman Sevits' suit.[4] Under these circumstances it cannot be said that notice of the incident, but not of the institution of this action, within the statutory period, did not prejudice Litton in maintaining its defense to the action.
 
 
 21
 We therefore hold that the district court did not err in denying the motion for leave to amend the complaint to add Litton as an additional defendant.
 
 
 22
 Affirmed.
 
 
 
 *
 The Honorable William M. Byrne, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 In diversity actions the difficulties encountered when fictitious parties are named have been dealt with a number of times. See Sykes v. United States, 9 Cir., 290 F.2d 555, 556; Grigg v. Southern Pacific Co., 9 Cir., 246 F.2d 613, 620; Molnar v. N.B.C., 9 Cir., 231 F.2d 684, 687; Roth v. Davis, 9 Cir., 231 F.2d 681, 683
 
 
 [2]
 While there are some kinds of civil proceedings in which the Federal Rules of Civil Procedure do not apply, the rules do apply in suits in admiralty with exceptions not here relevant. See Rules 1 and 81(a)(1), Federal Rules of Civil Procedure, as amended in 1966
 This action was commenced on August 16, 1965, prior to the effective date of amended Rule 15(c). The order of the Supreme Court, dated February 28, 1966, promulgating the 1966 amendments of the Federal Rules of Civil Procedure, provides that the amended rules shall govern all further proceedings in actions pending on the effective date of the amended rules '* * * except to the extent that in the opinion of the court their application in a particular action then pending would not be feasible or would work injustice, in which event the former procedure applies.' The Supreme Court order is quoted in 28 U.S.C.A., Rules 59 to End, Cum.Ann.Pocket Part, page 231, following Rule 86. In our opinion, the application of the amended form of that rule is feasible and would not work an injustice in this case. Neither party here questions the applicability of Rule 15(c) as amended in 1966, and in fact, plaintiff relies upon the amended form of this rule in her argument on this appeal.
 
 
 [3]
 For present purposes we assume, but we do not decide, that the naming of a new defendant in addition to and not in lieu of another defendant misnamed in the original complaint, constitutes the 'changing' of the party within the meaning of Rule 15(c). Compare United States for Use and Benefit of Statham Instruments, Inc. v. Western Casualty & Surety Co., 6 Cir., 359 F.2d 521, 523; Storey v. Garrett Corp., N.D.Cal., 43 F.R.D. 301, 304; and King v. Udall, D.D.C., 266 F.Supp. 747, 749; with Williams v. United States, 5 Cir., 405 F.2d 234, 237; Travelers Insurance Co. v. Brown, 5 Cir., 338 F.2d 229, 234; and Meredith v. United Air Lines, S.D.Cal., 41 F.R.D. 34, 39. See, also, Rural Fire Protection Co. v. Hepp, 9 Cir., 366 F.2d 355, 362
 
 
 [4]
 Contributory negligence is an issue in a case based on the Death on the High Seas Act. While it does not bar recovery, the degree of negligence attributable to the decedent is to be taken into consideration in fixing the amount of recovery. See 46 U.S.C. 766 (1964)