William SLACK and Pearl Slack, his wife

v.

TREADWAY INN OF LAKE HARMONY, INC. d/b/a Split Rock Lodge and Split Rock Lodge, Inc.

Civ. No. 73–26.

United States District Court, M. D. Pennsylvania.

Oct. 9, 1974.

Harry P. O'Neill, Jr., Scranton, Pa., for plaintiffs.

Allan P. Ramsay, Jr., Wilkes-Barre, Pa., John G. Cipko, Lansford, Pa., William J. McDonald, Scranton, Pa., for defendant.

## MEMORANDUM

NEALON, District Judge.

This case is before me on a motion by the defendant Split Rock Lodge, Inc., to dismiss for failure to state a claim upon which relief can be granted, and on a motion by the defendant Treadway Inn of Lake Harmony, Inc. to dismiss on the ground that the action is barred by the applicable statute of limitations. The pertinent facts follow.

Plaintiffs commenced this action on January 11, 1973 by filing a complaint against Split Rock Lodge, Inc., alleging that the named defendant had negligently allowed a dangerous condition to exist on its premises, as a result of which plaintiff Pearl Slack fell and was injured on January 15, 1971. Plaintiff William Slack, the husband of plaintiff Pearl Slack, sued for damages and loss of consortium as a result of his wife's fall. Jurisdiction is based on diversity of citizenship.

On January 22, 1973, plaintiffs amended their complaint by changing

the named defendant from Split Rock Lodge, Inc. to Pocono Recreation, Inc., d/b/a Split Rock Lodge (hereinafter Pocono). That amendment was permitted as a matter of course. See Rule 15(a), Federal Rules of Civil Procedure. On May 22, 1973, plaintiffs filed a motion for leave to once again amend their complaint by changing the party against whom their claim was asserted, this time from Pocono to two codefendants, Treadway Inn of Lake Harmony, d/b/a Split Rock Lodge (hereinafter Treadway), and Split Rock Lodge, Inc. As this motion was unopposed, it was routinely allowed on July 5, 1973; no consideration was given at that time to the question whether the amendment should be permitted to relate back to the date of the original complaint. Plaintiffs thereafter amended their complaint, as had been requested, on July 17, 1973. Subsequently, on June 20, 1974, plaintiffs joined in defendant Pocono's motion to dismiss the complaint, and the complaint as to Pocono was dismissed on the same date.

At an evidentiary hearing held March 18, 1974, the following additional facts were adduced. On July 21, 1967, defendant Split Rock Lodge, Inc. deeded Split Rock Lodge, a recreational resort facility located in Carbon County, Pennsylvania, to defendant Treadway. On the same date, both parties entered into a written agreement whereby Treadway was assigned the exclusive right to use the names "Split Rock" and "Split Rock Lodge" in connection with the operation, advertising and promotion of the resort, and Split Rock Lodge, Inc. was permitted to retain the use of its name for corporate purposes only. Treadway has been the sole owner and operator of Split Rock Lodge since that date. Aside from the transactions of July 21, 1967, there is no other relevant relationship between Split Rock Lodge, Inc. and Treadway. For example, there are no common directors on the boards of the two entities. On August 24, 1966, Treadway registered the name "Split Rock Lodge" as a fictitious name with the Bureau of Corporations of the Commonwealth of Pennsylvania Department of State.[1]

On January 15, 1971, while a guest at Split Rock Lodge, Mrs. Pearl Slack suffered the injury which is the basis of the present action. Exactly one week later, January 22, while she was still in the hospital as a result of the accident, she was visited by an agent of the Allstate Insurance Company, which was Treadway's insurer. This agent informed her that he represented Allstate, and that Allstate insured Split Rock Lodge; he also took a statement from her which described the circumstances of her fall on the premises of Split Rock Lodge.

Since matters outside the pleadings have been presented to and not excluded by this Court, both motions at issue here must be treated as motions for summary judgment under Rule 56, Federal Rules of Civil Procedure. See Rule 12(b), Federal Rules of Civil Procedure.[2] As all parties have not only had ample opportunity to submit briefs, affidavits and other materials in support of their contentions, but also have had the benefit of a hearing on the questions at issue here, the motions will be treated here as motions for summary judgment.

### A. *The Motion of Split Rock Lodge, Inc.*

Defendant Split Rock Lodge, Inc. argues that since it was in no way connected with Split Rock Lodge at the time of the accident which is the subject

---

1. The fictitious name registration predated the actual conveyance because Treadway operated the resort for almost a year under a lease with option to purchase arrangement.

2. Although Treadway has not labeled its motion to dismiss on the basis of the statute of limitations a Rule 12(b)(6) motion, such a motion is properly considered under Rule 12(b)(6). See Wright & Miller, Federal Practice and Procedure: Civil § 1357.

of this action, it cannot, under any legal theory, be liable to the plaintiffs. Since there are no genuine issues as to any material facts, defendant must prevail if its statement of the law is correct.

■ Plaintiffs advance two theories upon which to base the liability of defendant Split Rock Lodge, Inc. The first is that said defendant is liable as the owner and possessor of the premises known as Split Rock Lodge. As it is undisputed that Split Rock Lodge, Inc. did not own or possess the resort at the time of the accident, that theory is untenable. The second theory, advanced in apparent anticipation of a holding that Split Rock Lodge, Inc. cannot be held liable under any conventional tort theory, is that said defendant is liable as the purported possessor of Split Rock Lodge. Even if plaintiffs could have established that Split Rock Lodge, Inc. held itself out as the purported possessor of Split Rock Lodge, which they were not able to do at the hearing held before the Court, I know of no basis in law for such a theory of liability, and plaintiffs have cited no cases in which such a theory was even advanced. Accordingly, as defendant Split Rock Lodge, Inc. was not the owner, possessor, lessor or operator of the premises in question at the time of plaintiff's accident, it is not responsible for plaintiff's injuries, and summary judgment must be granted in its favor.

### B. *The Motion of Treadway*

■ Defendant Treadway argues that plaintiffs' claim against it must be dismissed because it was not commenced against Treadway within Pennsylvania's two-year statute of limitations for personal injury suits.[3] As plaintiffs amended their complaint to name Treadway as a defendant long after the two-year statute had run, and prior to that time Treadway had neither been named as a defendant nor otherwise notified of the pendency of this suit, the dispositive question on this motion is whether that amendment relates back to the date of the original complaint, which was admittedly filed before the statute of limitations had run.

■ Because the amendment at issue here was one which changed the party against whom plaintiffs' claim was asserted, the question of whether such an amendment relates back to the original complaint is a question of federal law to be determined according to Rule 15(c), Federal Rules of Civil Procedure. Loudenslager v. Teeple, 466 F.2d 249 (3d Cir. 1972). Rule 15(c)[4] provides three conditions which must be satisfied in order for such an amendment to relate back: (1) the claim asserted in the amended pleading must arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (2) the party to be brought in by the amendment must have, within the period provided by law for commencing the action against him, received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) the party to be brought in

---

3. Treadway's argument assumes correctly that, under Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188 (1938), the applicable statute of limitations in a diversity case is that of the forum state. Loudenslager v. Teeple, 466 F.2d 249 (3d Cir. 1972).

4. "Rule 15. Amended and Supplemental Pleadings

    \*　　\*　　\*　　\*　　\*

    "(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates

back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

    \*　　\*　　\*　　\*　　\*

28 U.S.C.A. Rule 15(c)

must or should, within the period of time provided by law for commencing the action against him, have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. Plaintiffs contend that the conditions of Rule 15(c) have been satisfied, and defendant argues that they have not. Plaintiffs argue in addition that, even if the Rule 15(c) conditions have not been met here, defendant is estopped to deny that they have been met.

Since plaintiffs seek only to change the defendant against whom their claim is asserted, the first condition of Rule 15(c) is clearly satisfied. The second condition, however, does not seem to have been met. For plaintiffs to satisfy that condition, they must make a two-fold showing: (a) that Treadway had notice of "the institution of the action" before the statute of limitations had run, and (b) that such notice was sufficient to prevent Treadway from being prejudiced in maintaining its defense on the merits. Without even reaching the question of prejudice, there is nothing in the record of this case to indicate that Treadway received notice of the institution of this lawsuit prior to plaintiffs' motion on May 22, 1973, to amend their complaint to include Treadway as a defendant, which was more than five months after the statute of limitations had run. This is not a case in which the newly named defendant, although neither named in nor served with the original complaint, nevertheless, because of his relationship with the defendant named in the original complaint, had to have known of the initial institution of the action. Cf. Swartzwelder v. Hamilton, 56 F.R.D. 606 (M. D.Pa.1972). Nor is it a case in which the party to be brought in by the amendment was actually served with the original complaint, albeit the original complaint was defective because it had not named the proper defendant under state law. Cf. Brennan v. Estate of Smith, 301 F.Supp. 307 (M.D.Pa.1969). Rather this is a case in which plaintiffs named and served a defendant entirely different from and independent of the defendant sought to be brought in by amendment, and the newly named defendant received no notice of the lawsuit until after the statute of limitations had run. See Munetz v. Eaton Yale and Towne, Inc., 57 F.R.D. 476 (E.D.Pa. 1973). Under such circumstances, if "notice of the institution of the action" in Rule 15(c) means notice of the institution of the *lawsuit*, then plaintiffs have failed to satisfy the second condition of the rule.

Plaintiffs nevertheless argue that the second condition of Rule 15(c) is satisfied in this case. Citing Meredith v. United Air Lines, 41 F.R.D. 34 (S.D. Cal.1966), they contend that it is not necessary for the defendant to have known of the institution of the lawsuit before the statute of limitations had run, as long as, within that time, it had knowledge of the occurrence of the incident which is the basis of the lawsuit. Plaintiffs point out that the defendant had such knowledge, as the accident occurred on its premises, and, moreover, that plaintiff had to have concluded that the accident would give rise to a lawsuit, as it caused its insurance company to conduct an investigation within one week of the accident. Furthermore, plaintiffs contend, the insurance company's investigation shortly after the accident occurred will prevent the defendant from being prejudiced in maintaining its defense on the merits.

Assuming that the Meredith case stands for the proposition advanced by plaintiffs, that is, that Rule 15(c), in spite of its clear language, does not necessarily require notice of the institution of a lawsuit in order for its notice requirement to be satisfied,[5] it is definite-

---

5. It is difficult to determine just what the basis of the *Meredith* holding is. The case involved an airplane accident and a plaintiff who originally sued the wrong defendant and then sought to amend his complaint by naming the proper defendant after the statute of limitations had run. The original lawsuit had been initiated within the limitation peri-

ly a minority view.[6] Furthermore, the rationale of such a holding seems to have been seriously eroded in *Meredith's* own circuit by the holding of the 9th Circuit Court of Appeals in Craig v. United States, 413 F.2d 854, 858 (9th Cir. 1969) that " . . : 'action,' as used in Rule 15(c), means a lawsuit, and not the incident giving rise to a lawsuit."

Moreover, even if Meredith is read as describing a viable and valid exception to the general rule, it is an exception that has been confined to the unusual facts of that case by the later *Craig* case, and one which would not be applicable to the facts here. The investigation conducted by Treadway's insurance company shortly after the accident at issue here appears to have been nothing more than the routine inquiry conducted by most insurers under similar circumstances. The record does not disclose that it consisted of anything more than an interview with the injured plaintiff and the taking of her statement describing her accident. Such an inquiry does not begin to compare to the thorough in-vestigation conducted by the defendant in *Meredith* in preparation for a hearing before the Civil Aeronautics Board. Thus, even if the notice portion of the Rule 15(c) requirements has been satisfied here, plaintiffs have not shown that the notice received by defendant was sufficient to prevent it from being prejudiced in its defense on the merits.

Finally, regardless of whether plaintiffs can surmount the second condition of Rule 15(c), they would not be able to meet the third requirement of showing that the party to be brought in by amendment must or should, within the period of time provided by law for commencing the action against him, have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. This third requirement is analogous to an estoppel test, and is met in such situations as when the plaintiff misdescribes the defendant but actually serves the person intended to be named in the complaint. Wright & Miller, Federal Practice and Procedure: Civil § 1498. It could not be met in a case such

---

od, and the newly named defendant had conducted a thorough investigation of the accident in preparation for a Civil Aeronautics Board hearing held within days of the accident. Through the investigation and hearing the defendant learned that only one passenger (who turned out to be the plaintiff) had been injured in the accident. Although there was no direct evidence that the defendant had any kind of notice, either formal or informal, of the initiation of the lawsuit within the limitation period, the Court specifically noted that the defendant had failed to file an affidavit clarifying when it in fact learned of the pendency and institution of the suit, even though it had been given an opportunity to file such an affidavit. The Court did not address the question whether "notice of the institution of the action" in Rule 15(c) must mean notice of the lawsuit or whether it can mean notice of the incident giving rise to the lawsuit. Instead the Court emphasized that there would be no prejudice to the defendant because of its thorough investigation in preparation for the Civil Aeronautics Board hearing, and, after pointing out the defendant's failure to file the affidavit about when it learned of the suit, concluded "I must therefore assume that Lockheed knew of the pendency of the claim before Plaintiff filed the action, and *knew of the filing of the action when, or shortly after, it was commenced.*" Meredith, supra at 38 (emphasis supplied). Although the Court did not explicitly explain the precise meaning of the italicized words, it would seem that the only fair reading of them is that the Court was assuming that the defendant knew of the filing of the action before the statute of limitations had run. Thus, I am inclined to read *Meredith* as basing its holding on the assumption that the defendant had to have known of the institution of the lawsuit before the statute of limitations had run, rather than on the legal conclusion that "notice of the institution of the action" in Rule 15(c) means notice of the incident that is the basis of the suit.

6. Its only support is found in Wright & Miller, Federal Practice and Procedure: Civil Sec. 1498. Moreover, whereas I can find no cases which have followed *Meredith*, two Courts of Appeals have expressly held that "notice of the institution of the action" in Rule 15(c) means notice of the lawsuit and not notice of the incident that led to the suit. Craig v. United States, 413 F.2d 854 (9th Cir. 1969), and Archuleta v. Duffy's Inc., 471 F.2d 33 (10th Cir. 1973).

as this, in which there is no showing that before the statute of limitations had run the defendant knew or should have known that a lawsuit had been instituted, or that within that time it knew or should have known that the plaintiffs were mistaken as to the identity of the proper party. In sum, the plaintiffs have satisfied neither the second nor the third condition of Rule 15(c).

It remains to be considered whether the defendant is estopped from asserting such failure to fulfill the requirements of Rule 15(c). The party sought to be brought in by amendment will be estopped from asserting a statute of limitations defense if he or the originally named defendant either knowingly allows the plaintiff to think he has sued the proper party or actually misleads him as to the identity of the party that should be held responsible. Wright & Miller, supra, § 1500. See, e. g., Travelers Indemnity Co. v. United States, 382 F.2d 103 (10th Cir. 1967). Plaintiffs argue that the defendant Treadway should be estopped to assert a statute of limitations defense here because it misled them as to the identity of the proper party to be sued. In support of their argument, they point out that, in its operation, advertisement and promotion of Split Rock Lodge, Treadway does not disclose that it, and not some entity with a name incorporating the name of the resort, owns the resort. In addition, they argue, the agent of defendant's insurance company identified his company as representing Split Rock Lodge when he interviewed Mrs. Slack shortly after the accident. Thus, plaintiffs conclude, Treadway's conduct actually misled them as to the true owner of Split Rock Lodge, and Treadway should be estopped from asserting a statute of limitations defense.

That the plaintiffs were mistaken as to the true owner of the resort cannot be denied. Furthermore, it is arguable that their mistake was contributed to by the actions (more correctly lack of action) of defendant, in the sense that, if Treadway had, for example, identified itself as the owner of Split Rock Lodge in its advertisements of the resort, or in the sense that, if the insurance agent who interviewed Mrs. Slack had identified the corporate name of his client, rather than his client's resort, plaintiffs would have known whom to sue without having to investigate the matter themselves. Such actions by the defendant, however, do not amount to the consciously misleading conduct that constitutes grounds for estoppel. Cf. Zielinski v. Philadelphia Piers, 139 F.Supp. 408 (E.D.Pa.1956) (inaccurate answers to interrogatories and untruthful pretrial testimony). Furthermore, defendant had complied with state law by registering the name of the resort as a fictitious name with the Bureau of Corporations. Plaintiffs could have discovered the true owner of the lodge by inspecting the appropriate public records. Finally, no showing of intentional misleading arises out of the insurance agent's identifying his client as Split Rock Lodge instead of Treadway Inn. He did in fact represent the lodge, since he represented its owner, and, in any event, it was reasonable for him to name the lodge rather than the corporate client, since Mrs. Slack had dealt only with the former and the name Treadway would have meant nothing to her. In sum, the facts of this case do not constitute grounds for estoppel.

In accordance with the above, summary judgment will be granted to both defendants.