Benton Arthur HART, a/k/a Haring Singh Khalsa, Plaintiff,

v.

BECHTEL CORPORATION, a Delaware corporation, Defendant.

No. Civ. 79–836 PHX CAM.

United States District Court, D. Arizona.

April 22, 1981.

Nick Rayes, Phoenix, Ariz., G.T.S. Khalsa, Ram Das Singh Khalsa, Los Angeles, Cal., for plaintiff.

William R. Hayden, Snell & Wilmer, Phoenix, Ariz., for defendant.

## OPINION AND ORDER

MUECKE, Chief Judge.

This matter is before the Court on motion for reconsideration. The significant facts follow.

Plaintiff filed his Title VII action against Bechtel Corporation on October 15, 1979. Service was obtained ten days later, on October 25, 1979. Between the date plaintiff's complaint was filed and the date of service, on October 18, 1979, the ninety-day statutory period for plaintiff's action ran.

Subsequent to service, plaintiff discovered he had sued the wrong Bechtel. His proper defendant was not Bechtel Corporation, it was Bechtel Power Corporation. On January 23, 1980, plaintiff moved to amend his complaint to substitute the appropriate defendant.

Following thorough briefing and argument, this Court granted plaintiff's motion on April 22, 1980. A major consideration was the Court's finding that Bechtel Power Corporation had not denied plaintiff's allegations that there was an identity of interest between the defendants.

Nine months after the above ruling, defendant Bechtel Power Corporation changed counsel. Upon reviewing the record, new counsel moved the Court to reconsider, urging that the weight of authority would not have permitted amendment. Upon reconsideration, the Court reaffirms its earlier position.

Rule 15(c), Federal Rules of Civil Procedure, is the only vehicle through which a plaintiff may amend his complaint to add or substitute a party. *Craig v. United States*, 413 F.2d 854 (9th Cir. 1969). Under Rule 15(c), an amendment will not relate back unless three conditions are met, one of which is disputed in the present case:

> [W]ithin the period provided by law for commencing the action against him, the party to be brought in by the amendment (1) [must have] received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits . . . .

Defendant's argument is that Bechtel Power could not possibly have had notice of the "institution of the action" against it within the "period provided by law for commencing the action" because neither defendant was *served* until after the ninety-day limit expired. Defendant argues that the prevailing interpretation of Rule 15(c) would prohibit plaintiff's amendment even though, as defendant concedes, the relationship between the initial defendant and the substitute defendant is such that service on one constitutes constructive notice on the other. Defendant's position is not without support.

In *Craig v. United States, supra,* the Ninth Circuit ruled that in order for an amendment to relate back, the substitute defendant must have had at least informal notice of the "institution of the action" and that this notice must occur before the running of the statutory period for bringing

the action. This requirement of notice was seen to exist separate and apart from the "prejudice" factor listed in Rule 15(c)(1).

Under *Craig*, and other decisions, it is not enough that the new defendant was aware of the possibility that plaintiff would institute an action against him. Defendant must have been on notice that the *action had been instituted*. Therefore, the fact that Bechtel Power may have been aware of plaintiff's EEOC right-to-sue letter is irrelevant. *See Craig v. United States, supra* at 858. *See also Archuleta v. Duffy's Inc.*, 471 F.2d 33 (10th Cir. 1973); *Simmons v. Fenton*, 480 F.2d 133 (7th Cir. 1973).

Recent decisions in the Second and Fifth Circuits have rejected the *Craig* analysis, at least in those instances where timely service of process can be effected after the statute of limitations has run. *Ingram v. Kumar*, 585 F.2d 566 (2d Cir. 1978), *cert. denied*, 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979); *Kirk v. Cronvich*, 629 F.2d 404 (5th Cir. 1980). While these decisions are contrary to the literal interpretation of the phrase "within the period provided by law for commencing the action against him," Rule 15(c), they avoid certain anomalous results that the rule would otherwise permit.

In jurisdictions where timely service of process can be effected after the statutory period, a correctly-named defendant does not have the benefit of being noticed "within the period provided by law for commencing the action against him."* In these jurisdictions, the plaintiff has until a reasonable time after filing to serve his defendant. In the above decisions, the Second and Fifth Circuits reasoned that it makes little sense to grant greater protection to a substitute defendant than to a correctly-named defendant. Emphasizing the Rule 15(a) policy that "leave to amend shall be freely given when justice so requires," these courts have taken the position that

> under Rule 15(c) the period within which "the party to be brought in" must receive

notice of the action includes the reasonable time allowed under the federal rules for service of process.

*Kirk v. Cronvich*, 629 F.2d at 408, citing *Ingram v. Kumar*, 585 F.2d at 572. *See also Davis v. Krauss*, 478 F.Supp. 823 (E.D.N.Y. 1979); *Clark v. Southern Ry. Co.*, 87 F.R.D. 356 (N.D.Ill.1980).

There appears to be a conflict between the Ninth Circuit's reasoning in *Craig v. United States, supra,* and the more recent position taken by the Second and Fifth Circuits. Although this Court is persuaded by the reasoning of *Ingram* and *Kirk*, if the facts of the present case were indistinguishable from the facts presented in *Craig*, this Court would be bound to follow the Ninth Circuit. Fortunately, *Craig* and the case at bar can be distinguished.

*Craig* involved the ability of a plaintiff to substitute a *fictitious* defendant for a correctly-named defendant. There was no identity of interests between the parties defendant; there was no concession that service on one constituted constructive notice to the other; the statutory agent for one party was not identical to the statutory agent for the other. Under these circumstances, the reasoning of *Ingram* and *Kirk* is compelling.

If the simple filing of plaintiff's complaint was sufficient "notice" to Bechtel Corporation, why should it not be sufficient notice to Bechtel Power—a corporation with whom Bechtel has an identity of interest? Moreover, since defendant admits that service on Bechtel was constructive notice to defendant, it seems hard to justify granting greater protection to the correctly-named defendant than to the substitute defendant. It is also relevant to note that defendants bear much of the responsibility of plaintiff's error. The names Bechtel Corporation and Bechtel Power Corporation were chosen by defendants. These parties should not be able to profit by the confusion that they themselves created.

---

* It could be argued that the correctly-named defendant has "notice" as of the date of filing, since filing is a matter of public record. This Court would decline to render decisions on the basis of such technicalities.

Defendant cites a district court decision from the district court of North Carolina for the proposition that the *Craig* analysis should apply even if there is an identity of interests between the timely-served defendant and the defendant that plaintiff would substitute. *See Holden v. Reynolds Industries,* 82 F.R.D. 157 (M.D.N.C.1979). This Court is not, however, bound to follow the district of North Carolina, and for the reasons stated above, this Court would reject that view.

Finally, defendant emphasizes that courts in the past have treated the ninety-day rule in Title VII actions as a jurisdictional question. *See Wong v. Bon Marche,* 508 F.2d 1249 (9th Cir. 1975). Although this Court feels that the fact that plaintiff's complaint was filed within the ninety-day limit renders defendant's jurisdictional argument irrelevant, especially under the facts of this case, this Court would point out that a recent decision by the United States Supreme Court has not treated the ninety-day limit in jurisdictional fashion. *See Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980) and the discussion of footnote 9 of that decision in *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584 (5th Cir. 1981).

As an alternative to defendant's motion for reconsideration, defendant urges this Court to permit an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The present dispute obviously involves a controlling question of law. Moreover, given the above-mentioned conflict between the Ninth Circuit and the Second and Fifth Circuits, this Court finds that there is substantial ground for difference of opinion and that an immediate appeal from this order will materially advance the ultimate termination of this litigation. For these reasons the Court is persuaded to grant defendant's request.

In accordance with the foregoing,

IT IS ORDERED that defendant's motion for reconsideration is denied.

IT IS FURTHER ORDERED that defendant is permitted to request an interlocutory appeal from the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b) on the issue whether this Court's ruling on plaintiff's motion to amend is appropriate.