Bayne Mitchell McALLISTER and Dwight Leroy Richardson, Plaintiffs,

v.

Norman Wayne HENDERSON; Builders Transport, Inc.; Holly Farms Breeders, Inc.; Holly Farms Foods, Inc., et al., Defendants.

CV No. 88–HM–5469–NE.

United States District Court, N.D. Alabama, Northeastern Division.

Nov. 3, 1988.

J. Callen Sparrow, Hare Wynn Newell & Newton, Birmingham, Ala., for plaintiffs.

No appearance at date of Order, for defendants.

## MEMORANDUM OF DECISION

HALTOM, District Judge.

The above entitled civil action filed in this Court on October 26, 1988 by plaintiffs Bayne Mitchell McAllister and Dwight Leroy Richardson against defendants Norman Wayne Henderson, Builders Transport (a corporation), Holly Farms Breeders, Inc. (a corporation), and at least fourteen (14) other fictitious defendants designated as X and Y, A B and C, D, E and F, G H and I, J and K and L, M, and N[1] with the jurisdiction of this Court predicated on diversity of citizenship and amount in controversy (28 U.S.C. § 1332)[2] is before the Court sua sponte for jurisdictional review.

## FACTS ALLEGED IN COMPLAINT

Plaintiffs McAllister and Richardson are alleged to be resident citizens of the State of Alabama over the age of 19 years. (¶ 1 of the complaint). ¶ 1 of the complaint further alleges that the amount in controversy, exclusive of interest and costs, exceeds the sum of Ten Thousand ($10,000.00) Dollars.

¶ 1 of the complaint also alleges: "Defendant Norman Wayne Henderson is over the age of nineteen years, and *resides in the City of Newport, Tennessee;* defendant Builders Transport is a corporation *whose principle [sic] business is in South Carolina;* defendant Holly Farms Breeders, Inc. is a corporation *whose principle [sic] business is in North Carolina;* and defendant Holly Farms Foods, Inc. is a corporation *whose principle [sic] business [sic] in North Carolina.*"

¶ 2 of the complaint alleges: "On or about October 23, 1987, plaintiffs were rid-

1. The citizenship of the fictitious defendants is not alleged in the complaint.

2. 28 U.S.C. § 1332 provides in pertinent part: (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
    (1) citizens of different states.

ing in an automobile on a public highway in Marion County, Tennessee, to-wit: I–24 West Lanes "Monteagle Mtn." at or near the 139½ mile marker near Monteagle, Tennessee, and at said time and place defendants were in charge or control or responsible for the condition of the vehicle which collided with the automobile in which plaintiffs were riding." [3]

¶ 3 of the complaint alleges the injuries received and damages allegedly sustained by plaintiff McAllister as a proximate consequence of the alleged wrongful conduct of the defendants alleged in preceding ¶ 2.

¶ 4 of the complaint alleges the injuries received and damages allegedly sustained by plaintiff Richardson as a proximate consequence of the alleged wrongful conduct of the defendants alleged in preceding ¶ 2.

¶ 5 of the complaint alleges that fictitious defendants X and Y were the owner and operator respectively of the vehicle which collided with the automobile in which plaintiffs were riding on the occasion described in the complaint; further alleges that fictitious defendants A, B and C were the employer of the defendant Norman Wayne Henderson on the occasion described in the complaint; and also alleges that fictitious defendants D, E and F were the entities or persons for whose benefit the trip was being made by defendant Norman Wayne Henderson on the occasion made the basis of the suit. ¶ 5 of the complaint finally alleges that on said occasion all of the defendants referenced in ¶ 5 negligently or wantonly injured the plaintiffs by negligently or wantonly causing or allowing the vehicle of which they were in charge or control to collide with the automobile in which plaintiffs were riding and that as a proximate consequence of said negligence or wantonness of said defendants plaintiffs suffered the injuries and damages previously alleged.

¶ 6 of the complaint alleges that on said occasion defendants Norman Wayne Henderson, Builders Transport, Inc. and fictitious defendants G, H & I (alleged to be the entities responsible for the care, condition or state of repair of the vehicle operated by defendant Norman Wayne Henderson on the occasion described in the complaint) negligently or wantonly injured the plaintiffs by negligently or wantonly causing or allowing the vehicle that [sic] was in collision with plaintiff's vehicle to be operated on the public highways in a condition not safe for such operations and that as a proximate consequence of said defendants plaintiffs were injured and damaged as previously alleged.

¶ 7 of the complaint alleges that on said occasion fictitious defendants J & K, being the owner and operator respectively of the vehicle left parked or unattended in the public highway, negligently or wantonly injured the plaintiffs by negligently or wantonly leaving a vehicle parked in the public highway unattended, unmarked and without giving notice to other vehicles using the highway in general and to the plaintiffs in particular and that as a proximate consequence of said negligence or wantonness of said defendants plaintiffs were injured and damaged as previously alleged.

¶ 8 of the complaint alleges that on said occasion defendant L, M & N, being the persons or entities responsible for the care and condition or state of repair of the vehicle left parked and unattended in the public highway, negligently or wantonly injured the plaintiff by negligently or wantonly causing or allowing the vehicle for which they were responsible to be operated on the public highways in a condition not safe for such operation and that as a proximate consequence of said negligence or wantonness of said defendants plaintiffs were injured and damaged as previously alleged.

¶ 9 of the complaint alleges that on said occasion the negligence or wantonness of

**3.** As the facts of the case unfold from a recitation of the factual allegations of the complaint the Court's interest is whetted by the apparent deliberate decision of counsel of record for the Alabama plaintiffs to file these personal injury claims against purported nonresident defendants in the United States District Court For the Northern District of Alabama when the accident giving rise to the claims for relief *occurred in the State of Tennessee* and this Alabama federal forum has no revealed nexus with the controversy.

all defendants combined and concurred and that as a proximate consequence of said combined and concurred negligence or wantonness of each defendant the plaintiffs were injured and damaged as previously alleged.

¶ 10 of the complaint alleges that in the alternative defendants Holly Farm Breeders, Inc. and Holly Farms Foods, Inc. are named as party defendants as owners of the vehicle or are permissably [sic] owners who allowed all others to use their vehicles which proximately caused and/or proximately contributed to the plaintiffs' injuries.

In the prayers for relief in the complaint each plaintiff demands judgment against the defendants, separately and severally, in an amount in excess of Ten Thousand ($10,-000.00) Dollars to be determined by the trier of fact.

Plaintiffs demand trial by struck jury on all issues raised in their complaint.

### JURISDICTION UNDER 28 U.S.C. § 1332

Since one of the oldest and most elementary propositions of federal law is the requirement of complete diversity of citizenship between all defendants and all plaintiffs under 28 U.S.C. § 1332 and its predecessors, *Fritz v. American Home Shield Corp.*, 751 F.2d 1152, 1153 (11th Cir.1985), this Court raises sua sponte[4] the issue of whether it has jurisdiction over this case because of the presence of the fictitious defendants who ordinarily destroy diversity jurisdiction in diversity cases originally filed in federal court.[5] *Fifty Associates v. Prudential Insurance Co. of America*, 446 F.2d 1187, 1190–91 (9th Cir.1970) (foreclosure action filed in federal court based on diversity of citizenship; numerous fictitious defendants designated); *Garter–Bare Co. v. Munsingwear, Inc.*, 622 F.2d 416,

423, re-reported 650 F.2d 975, 981 (9th Cir. 1980) (civil action filed in federal court with jurisdiction in part based upon diversity of citizenship; eighth claim based on diversity jurisdiction charged Munsingwear and several Doe defendants with conspiracy to interfere in appellant's business relationships); *Molnar v. National Broadcasting Company*, 231 F.2d 684 (9th Cir.1956) (diversity action filed in federal court against corporate citizen of Delaware and ten John Doe defendants); *Othman v. Globe Indem. Co.*, 759 F.2d 1458, 1463 (9th Cir.1985) ("Generally, John Doe pleading is improper in federal court and the mere presence of Does in a complaint requires dismissal if jurisdiction is based solely on diversity"); see generally Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3642 (2nd edition, 1985) ("Utilization of John Doe Defendants").

In the instant case the charging allegations of the complaint appear to make the designated fictitious defendants real parties in interest in the suit (¶¶ 5, 6, 7, 8 and 9). Stated otherwise, plaintiffs McAllister and Richardson have in each instance alleged causes of action against the identified defendants and the fictitious defendants jointly. In *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir.1983), the Eleventh Circuit Court of Appeals held that unserved resident fictitious defendants may not be ignored on removal if the complaint's allegations are directed at all defendants without elaboration as to the particular role of any one defendant and further concluded that Coker's state court action was therefore not removable on the face of the pleadings. See *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 30–32 (3rd Cir.1985) (Doe allegations sufficient on their face to defeat diversity jurisdiction on removal where complaint specifically identified "Does 1 through 10" as employees and

---

**4.** Rule 12(h)(3), Fed.R.Civ.P., provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Moreover, it is well settled that jurisdiction cannot be conferred on the federal courts by consent. *Mitchell v. Maurer*, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338 (1934). Thus, this Court

has an independent duty to satisfy itself of its jurisdiction.

**5.** The Court does not here address or seek to resolve the problems and issues presented by the presence of fictitious defendants in state court actions that have been removed to federal district court.

agents of insurer who were responsible for processing insured's claim for benefits which was subject of action, and allegations alleged that Does committed variety of unfair insurance practices).

As previously noted herein, the complaint in this diversity case contains no allegations respecting the citizenship of the fictitious defendant. Even if it had, it is clear that the pleader's unfounded guesswork as to the citizenship of a party will not establish jurisdiction.[6] In *Molnar v. National Broadcasting Company, supra,* the plaintiff, a citizen of California, brought an action in federal court against a corporate citizen of Delaware and ten John Does, who also were alleged to be Delaware citizens, for injuries allegedly received when she fell on a stairway in the corporation's building. The district court dismissed the complaint without prejudice because it failed to establish complete diversity. In affirming the Ninth Circuit stated:

> If the identity of defendants were known so that the pleader could state they were citizens of Delaware, she could also state their names and allege what part each had in the management and control of the stairway. But, if the allegation that they are citizens of Delaware be, as on the face of the complaint it is, unfounded guesswork, the jurisdiction of the court is not established. It is clear, in the absence of this identification or connection or name, that the allegation of citizenship is illusory.

In the absence of binding precedent from the United States Supreme Court, or from the Eleventh Circuit Court of Appeals, or from the former Fifth Circuit Court of Appeals[7] on the issue of whether the presence of fictitious party defendants ordinarily destroys diversity jurisdiction in cases directly commenced in federal court when jurisdiction is predicated on diversity of citizenship, this Court has endeavored to research the case law on this issue from other circuits. The result of that research is shown herein. Upon consideration of the Ninth Circuit Court of Appeals case law on this issue previously cited, ante pp. 6–7, which this Court finds thoroughly persuasive, this United States District Court now concludes and holds that the John Doe or fictitious party pleading device is not sanctioned or permitted by federal law in civil cases filed directly in federal court when jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332 and that the use of such pleading device in such cases generally destroys federal jurisdiction.[8]

Clearly, there is no provision in the federal statutes or Federal Rules of Civil Procedure for the use of fictitious parties. The only purpose the naming of fictitious defendants could possibly serve is to make it possible to later substitute specifically named and specifically identified defendants in the place and stead of fictitious defendants after the statute of limitations has run. But Rule 15(c), Fed.R.Civ.P., pro-

---

**6.** The former Fifth Circuit observed in *Kerney v. Fort Griffin Fandangle Ass'n., Inc.,* 624 F.2d 717, 719 n. 4 (5th Cir.1980) that under certain circumstances in a case involving the diversity jurisdiction of a federal district court the pleader may have a basis for alleging the diverse citizenship of the fictitious party defendants. It is noted, however, that this appeal did not present or decide the question of whether the plaintiff Kerney could have satisfied his burden by alleging that the fictitious parties were citizens of Texas. Neither did the former Fifth Circuit in this case decide the issue or the propriety of fictitious party practice in federal court and its effect on diversity in cases filed directly in federal court with jurisdiction based on diversity of citizenship. *Id.* at 719.

**7.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209

(11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**8.** Of course, if it appears or is shown in such diversity cases that the fictitious party defendants are not parties whose citizenship typically would be considered in determining diversity, or that the claim being asserted against them is a sham or is frivolous, their presence and citizenship can be ignored in the diversity determination. In such circumstances, the fictitious party defendants should be dismissed from the case without prejudice and jurisdiction upheld if the requisite diversity of citizenship is otherwise alleged. See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3642 at p. 146 (2nd edition 1985).

vides the only way in which defendants, not accurately named in a pleading before the limitation period has run, may be accurately named afterwards. That rule, which pertains to relation back of the pleadings, makes no mention of the pleading of fictitious parties. It is therefore wholly immaterial, insofar as the application of that rule is concerned, whether fictitious defendants were named prior to the running of the statute. *Craig v. United States*, 413 F.2d 854, 856 (9th Cir.1969).

■ In the instant case there appears to be no basis on which the presence of the fourteen (14) odd fictitious defendants who appear to be real parties in interest but whose citizenship is not alleged can be ignored by this Court on jurisdictional review. Plaintiffs by their pleading appear to make the fictitious party defendants indispensable parties and since their presence here destroys diversity, this Court has no alternative except to dismiss this civil action based solely on diversity without prejudice for lack of subject matter jurisdiction. Whether the plaintiffs elect hereafter to seek to cure this jurisdictional defect in the case by amendment dismissing all fictitious defendants and reframing the complaint to meet the other jurisdictional defects hereinafter noted is a decision wholly theirs to make.

### OTHER JURISDICTIONAL DEFECTS

■ The allegations of the complaint respecting the citizenship of the defendants Norman Henderson, Builders Transport, Holly Farms Breeders, Inc. and Holly Farms Foods, Inc. are insufficient to establish diversity of citizenship. Diversity of citizenship, not of residence, is required under 28 U.S.C. § 1332. *Congress of Racial Equality v. Clemmons*, 323 F.2d 54 (5th Cir.1963), *cert denied*, 375 U.S. 992, 84 S.Ct. 632, 11 L.Ed.2d 478 ("Residence alone is not the equivalent of citizenship"); *Kerney v. Fort Griffin Fandangle Ass'n., Inc.*, 624 F.2d 717, 719 (5th Cir.1980) ("An allegation of residence is insufficient to establish diversity jurisdiction"). Thus, the allegation that the defendant Norman Wayne Henderson resides in the City of Newport, Tennessee (¶ 1 of complaint) does not support this Court's diversity jurisdiction. Furthermore, the allegations of ¶ 1 of the complaint respecting the citizenship of the identified corporate defendants ("whose principle business is in ____") is insufficient to establish diversity jurisdiction. Congress has provided two possible places of "citizenship" for corporations. 28 U.S.C. § 1332(c) provides in pertinent part: "For the purposes of this section ..., a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ...". For purposes of federal diversity jurisdiction, a corporation is generally a citizen both of state or states in which it is incorporated and state in which it has its principal place of business; thus, in the instant case where the only basis of federal jurisdiction is diversity, the plaintiffs must allege both the state of incorporation and the state of the principal place of business of each corporate defendant. See Form 2, Allegations of Jurisdiction, Forms Appendix of Federal Rules of Civil Procedure; *Nadler v. American Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir., 1985); *Neeley v. Bankers Trust Co. of Texas*, 757 F.2d 621, 634, n. 18 (5th Cir. 1985); *Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529–30 (7th Cir.1985). If the plaintiff fails to allege all these things, the complaint is due to be dismissed. If the complaint does contain the requisite allegations showing diversity, and the answer does not deny them, and nothing comes to light before judgment becomes final (after all appeal possibilities have been exhausted) to indicate that they are untrue, then jurisdiction is established, while if the answer denies a jurisdictional allegation the truth of that allegation must be determined like that of any contested allegation in a lawsuit. *Casio*, 755 F.2d at 530.

The defective allegations above referenced concerning the citizenship of the identified defendants in this case are subject to correction by proper amendment to the complaint.

### CONCLUSION

An appropriate order will be entered dismissing the above entitled civil action with-

out prejudice for lack of subject matter jurisdiction with leave granted plaintiffs to amend their complaint within twenty (20) days from and following the entry date of the within order curing all of the jurisdictional defects herein noted *which must include a dismissal of all fictitious defendants in the case.* In event such amendment of complaint is timely filed in the Office of the Clerk of the Court and drafted in conformity with the directives of the Court herein set out, the Court will enter order reinstating this case to the Court's active civil docket. In event plaintiffs elect not to so amend or fail to timely so amend by filing such amendment to their complaint in the Office of the Clerk of the Court, the dismissal order without prejudice to be entered contemporaneously shall be treated and construed as final.