**Richard N. URIAS, Plaintiff,**

v.

**Ralph QUIROZ, et al., Defendant.**

**No. CV 95–91 H(LSP).**

United States District Court,
S.D. California.

April 27, 1995.

Richard Urias, Escondido, CA, in pro. per.

John Pirkle, Trial Atty. Tax Div., U.S. Dept. of Justice, Washington, DC, Robert H. Plaxico, Asst. U.S. Atty., San Diego, CA, for defendant.

Van Hartley, Huntington Beach, CA, in pro. per.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

HUFF, District Judge.

Defendants in the above-captioned matter have submitted a motion for summary judgment. Plaintiff opposes the motion. Having considered the papers submitted by both parties, the court grants defendants' motion for summary judgment.

## BACKGROUND

Plaintiff Richard Urias is a tax protestor; he has consistently refused to pay federal income tax and to comply with federal tax law. Because plaintiff failed to file and to pay his federal income tax, the Internal Revenue Service (IRS) instituted an action to garnish plaintiff's wages. The IRS also seized plaintiff's residence, which it sold at public auction on December 7, 1993.

### A. *Plaintiff's Previous Action in Federal Court*

In a previous federal action, *Urias v. Quiroz, et. al,* CV-94-861-K, plaintiff sued the same defendants who are named in this current action: the Internal Revenue Service (IRS) agents Ralph Quiroz, Angel Aviles, Richard Williamson and IRS District Director Jesse A. Cota. Plaintiff also sued Van Hartley, general manager of plaintiff's former employer, Charles Myers Industrial Trucks dba Southwest Yale Material Handling Company, and Wesley Wolfe, president of the company.

Plaintiff's prior complaint alleged that the IRS had improperly placed a wage levy against him and improperly seized and sold his personal property. Plaintiff further alleged that defendants Hartley and Wolfe improperly complied with the wage levy. On December 21, 1994, Chief Judge Judith Keep granted defendants' motion for summary judgment and dismissed the case with prejudice.

### B. *Procedural History of Current Complaint*

In the action before this court, plaintiff seeks declaratory relief and damages based on the same set of facts as his previous complaint. Specifically, he alleges that the wage levy and the seizure and sale of his home constituted a conspiracy to violate plaintiff's constitutional rights.

On March 17, 1995, the court granted defendant Wesley Wolf's motion to dismiss with prejudice the claims against him. Thus, the remaining defendants are: Ralph Quiroz, Angel Aviles, Richard Williamson, Jesse Cota, Van Hartley and Does 1 through 100.

Federal defendants Quiroz, Aviles, Williamson and Cota have filed a motion to dismiss or in the alternative, a motion for summary judgment based on res judicata.

### DISCUSSION

### A. *Federal Defendants' Motion for Summary Judgment*

■ In order to bar a later suit under the doctrine of res judicata, an adjudication must (1) involve the same "claim" as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies. *Nordhorn v. Ladish Co., Inc.,* 9 F.3d 1402, 1404 (9th Cir.1993).

■ The Ninth Circuit determines whether or not two claims are the same for purposes of res judicata with reference to the following criteria: (1)· whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Id.* at 1405.

■ The court finds that Urias' suit against the federal agents involves the same claim as his previous action. First, the dismissal in the first action was granted with prejudice. Adjudication of this current complaint would destroy the right created by the prior judgment. Second, the court finds that the evidence presented would be substantially the same as in the prior action. Third, both suits are based on plaintiff's allegations that his civil rights were infringed by the IRS' actions. Fourth and finally, the two suits arise out of the same transactional nucleus of facts surrounding the garnishment of plaintiff's wages and the subsequent seizure of his home. Having found that plaintiff's second suit is barred by res judicata, the court grants defendants' motion for summary judgment.

### B. *Dismissal of Remaining Defendants*

Having granted summary judgment in favor of federal defendants, the only defendants remaining are Does 1–100 and Van Hartley.

■ As a general rule, the use of Doe defendants to identify a defendant is not favored. *Gillespie v. Civiletti,* 629 F.2d 637, 642–43 (9th Cir.1980). The court has the authority to dismiss the Doe defendants sua sponte. *Craig v. United States,* 413 F.2d 854, 856 (9th Cir.), *cert. denied,* 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969).

■ In his previous action before Chief Judge Keep, plaintiff also lodged a complaint against Does 1–100 whom he alleged were federal agents. Plaintiff never served any of the Doe defendants and pursuant to *Craig,* the court dismissed the Doe defendants sua sponte. Similarly, the court finds that in this case, sua sponte dismissal of Does 1–100 is appropriate.

As to defendant Van Hartley, like defendant Wolf, Hartley was employed by plaintiff's former employer Chas Meyer Industrial Trucks, Inc. In the prior action, the court dismissed Hartley with prejudice pursuant to Internal Revenue Code § 6332(e) which granted to Hartley.

Plaintiff has not alleged any facts which would defeat the procedural bar created by the grant of immunity. Accordingly, the court dismisses defendant Hartley from the action.

## CONCLUSION

The court grants defendants' motion for summary judgment based on res judicata. In addition, the court dismisses sua sponte Does 1–100 and defendant Van Hartley.

IT IS SO ORDERED.