NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARISOL VIVANCO, Individually and as Successor in Interest of Solton Vivanco Gonzalez, deceased, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; SCOTT FRAUENHEIM, Warden, <br><br> Defendants-Appellees. | No. 19-16490 <br><br> D.C. No. 1:17-cv-00434-BAM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Submitted July 15, 2020[**]
San Francisco, California

Before: SILER,[***] TALLMAN, and LEE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Marisol Vivanco appeals from the district court's order granting summary judgment for the California Department of Corrections and Scott Frauenheim, the Pleasant Valley State Prison warden. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc). We affirm.

1. **Eighth Amendment Claim.** There is no evidence in the record that Frauenheim, or any CDCR staff, knew of decedent Solton Gonzalez's heightened risk of suicide and was deliberately indifferent to it. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Two days before his suicide, Gonzalez reported that his depression was at a 4/10, and CDCR Staff Psychologist Dr. Lee noted that he did not exhibit suicidal thoughts or behaviors. The day before Gonzalez's suicide, Dr. Lee again reported that Gonzalez did not exhibit suicidal thoughts or behaviors. While CDCR staff knew of Gonzalez's prior suicide attempts, those suicide attempts occurred in 2012 and 2014.

In addition, Vivanco stipulated that Pleasant Valley State Prison's policies and procedures complied with the court's orders in *Coleman v. Brown*, 28 F. Supp. 3d 1068 (E.D. Cal. 2014). It is also undisputed that Frauenheim consulted with mental health professionals and considered Gonzalez's mental health when deciding he should remain in short-term restricted housing. *See Peralta v. Dillard*, 744 F.3d 1076, 1086–87 (9th Cir. 2014) (en banc) (concluding that prison administrator

relying on treatment plan signed off on by medical officials was not aware of risk of harm).

2. **Fourteenth Amendment Claim.** There is no evidence that Frauenheim acted arbitrarily or with deliberate indifference that shocks the conscience. *See County of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998). Vivanco stipulated that Frauenheim complied with *Coleman*. Vivanco also stipulated that she had "no evidence to support her claim that Defendant Frauenheim's conduct was motivated by a purpose to cause harm to [decedent] unrelated to his incarceration."

3. **State Law Claim.** Under California law, a public employee is liable for failing to obtain medical care "if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Gov. Code § 845.6. Vivanco's arguments involve CDCR staff's decisions about Gonzalez's care, not a failure to summon care. *See Castaneda v. Dep't of Corr. & Rehab.*, 151 Cal. Rptr. 3d 648, 663–64 (2013).

4. **Doe Defendants.** Because Vivanco did not amend her complaint to name the Doe defendants or serve the unknown defendants, the district court properly exercised its authority to dismiss the Doe defendants sua sponte. *See Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969); *see also Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1532–33 (9th Cir. 1989) (rejecting argument that "action against the doe

3

defendants was still pending when the district court entered summary judgment against" the named defendant).

      **AFFIRMED**.