Bessie ROTH, Appellant,

v.

Sammy DAVIS, Jr., Appellee.

No. 14713.

United States Court of Appeals
Ninth Circuit.

Jan. 5, 1956.

Vivian M. Feld, William Jerome Pollack, Los Angeles, Cal., for appellant.

Hulen C. Callaway, John S. Bolton, Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and WALSH, District Judge.

JAMES ALGER FEE, Circuit Judge.

The title to this action for personal injuries originally read as follows:

"Bessie Roth,

Plaintiff,

vs.

"Will Mastin Trio, Sammy Davis, Jr., Sammy Davis, Will Mastin, Doe I–X,

Defendants."

The allegations relating to defendants read:

"I. Defendants are citizens and residents of the State of California; plaintiff is a citizen and resident of the State of Ohio.

"II. This is an action and controversy between citizens of different states involving an amount in excess of $3,000.00, exclusive of interest and costs.

"III. The true names or capacities, whether individual, corporate associate or otherwise, of defendants Doe I–X are unknown to plaintiff, who therefore sues said defendants by such fictitious names. When the true names, identities or capacities of such fictitiously designated defendants are ascertained, plaintiff will ask leave of court to amend this complaint to insert said true names, identities or capacities, together with the proper charging allegations. Plaintiff is informed and believes and thereon alleges that each of the defendants sued herein as a Doe is responsible in some manner for the events and happenings herein referred to, and caused injury and damages proximately thereby to the plaintiff as herein alleged.

"IV. Plaintiff is informed and believes and thereon alleges that at all of the times mentioned herein, defendants, and each of them, were the owners of the motor vehicle referred to in this complaint and generally described as a 1954, black, Cadillac convertible automobile.

"V. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein the defendant, Sammy Davis, Jr., was the agent, servant and employee of his said co-defendants, and was acting within the time, place, purpose and scope of the said employment and agency.

"VI. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein the defendant, Sammy Davis, Jr., was driving the aforementioned vehicle with the consent and permission and knowledge of his said co-defendants."

The complaint proceeds to set up the particulars of an automobile accident which is claimed to be the result of the carelessness and negligence of "defendants, and each of them."

No fictitious defendant named as "Doe I–X" was ever served and no one of them appeared in the action. The case was tried before a jury as to defendant Sammy Davis, Jr. There is no contention that the evidence showed a shadow of liability as to any other than this defendant. The verdict returned by the jury was in favor of Sammy Davis, Jr.

Plaintiff appealed. The sole point of the appeal, as stated by attorneys for plaintiff in their opening brief, is as follows:

"Where a Complaint Names Certain Unknown Defendants (Does) and Alleges That Said Unknown Defendants Are Citizens and Residents of the Same State as the Known, Named Defendants, Which State of Citizenship and Residence Is Diverse From That of Plaintiff, Does the United States District Court Have Jurisdiction of the Case on the Basis of Diversity of Citizenship, Assuming the Amount in Controversy to Be in Excess of $3000.00, Exclusive of Interest and Costs?"

Also, in plaintiff's opening brief there appears this statement:

"The Doe defendants have not been dismissed out of and are still parties to the action."

But the "Does I–X" do not appear in the title to the judgment from which appeal is taken. In addition, that judgment contains the following sentence:

"It Is Further Ordered, on motion of counsel for the plaintiff, that this cause be and it is hereby dismissed as to the remaining defendants, Will Mastin, Sammy Davis, Sr., and Sammy Davis, Jr., a co-partnership doing business under the fictitious name of Will Mastin Trio, and the fictitious named defendants."

Defendant then printed a Supplemental Transcript of Record which shows that the fictitious defendants were dismissed from the action by the court of its own motion before counsel presented arguments to the jury.

Although the complaint might have been dismissed because it did not show on its face complete diversity of citizenship between plaintiff and all designated defendants, this situation had completely changed at the end of the trial. It was perfectly obvious then that the allegations were sham. No other defendants had been served or had appeared. Therefore, as no further action had been taken, it was apparent that there were no defendants "Doe I–X". In Hann v. City of Clinton, 10 Cir., 131 F.2d 978, where the question was whether it was necessary to join a party not indispensable, it is said:

"In determining the question whether diversity of citizenship requisite to jurisdiction exists, a court looks to the citizenship of the real parties in interest; and where there is complete diversity between them, the presence of a nominal party with no real interest in the controversy will be disregarded. Jurisdiction is not ousted by the joinder or non-joinder of mere formal parties. Wormley v. Wormley, 8 Wheat. 421, 450, 5 L.Ed. 651; State of Maryland v. Baldwin, 112 U.S. 490, 5 S. Ct. 278, 28 L.Ed. 822; Wilson v. Oswego Township, 151 U.S. 56, 14 S.Ct. 259, 38 L.Ed. 70; Salem Trust Co. v. Manufacturers' Co., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867; Blytheville, L. & A. S. R. Co. v. St. Louis-San Francisco Ry. Co., 8 Cir., 33 F.2d 481; Federal Reserve Bank v. Omaha Nat. Bank, 8 Cir., 45 F.2d 511, certiorari denied, 282 U.S. 902, 51 S.Ct. 215, 75 L.Ed. 794; McLean v. State of Mississippi, 6 Cir., 96 F.2d 741, 119 A.L.R. 670, certiorari denied, 305 U.S. 623, 59 S.Ct. 84, 83 L.Ed. 399." 131 F.2d at page 981.

And in Salem Trust Company v. Manufacturers' Finance Company, 264 U.S. 182, 189, 44 S.Ct. 266, 267, 68 L.Ed. 628, the court say:

"Jurisdiction cannot be defeated by joining formal or unnecessary parties."

But the trial judge removed even this simulacrum of a technicality by dismissing these fictitious defendants of his own motion. Such extreme care in protecting the record is highly commendable. It left plaintiff without a place to stand for appeal. Yet counsel for plaintiff filed an appeal, printed a record and brief, and thereby forced defendant to print a supplemental record and brief. The cause was argued orally, and an extremely busy appellate court has been required to give consideration thereto. In the case of a like appeal without merit in the future, we may consider taxing the costs to the attorney responsible under Rule 25 of this Court. This suggestion will serve as a warning.

Affirmed.