**Halldora Kristin SIGURDSON, Appellant,**

v.

**Albert DEL GUERCIO, Appellee.**

**No. 14786.**

United States Court of Appeals Ninth Circuit.

Nov. 12, 1956.

---

12. In finding 34.

John P. Tobin, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Andrew J. Weisz, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and FOLEY, District Judge.

JAMES ALGER FEE, Circuit Judge.

Halldora Sigurdson, who alleges herself to be an alien who entered the United States in 1946, brought a "Complaint for Declaratory Judgment and Injunction" against Albert Del Guercio, identified as officer in charge of the Immigration and Naturalization Service at Los Angeles, and John Doe and Richard Roe, said to be "acting officers in charge" of said office for said agency of the Government. It is alleged in the complaint that defendants "will take plaintiff into custody under color" of an Order of Deportation, issued March 30, 1953, on the ground that she was a member of the Communist Party of the United States before her re-entry in 1949, and also that she was a member of a club which was a cell of the Communist Party while she was a student in this country. Plaintiff claims this order is "illegal and void and without force and effect." It is prayed that "defendants" be restrained from deporting plaintiff. The grounds of illegality of the deportation order are that it was based upon an examination held on November 2, 1950, which was recorded by dictaphone and that the transcripts thereof were inaccurate and incomplete and not freely and voluntarily made. It is also said that the order was based upon the testimony of two "professional witnesses, both of whom are perjurers." It is set up that cross-examination of one of these was denied and that the Hearing Officer denied the right to have the dictaphone belts examined by experts, and refused to comply with "8 Code of Federal Regulations appertaining to conduct of deportation hearing." Plaintiff, however, makes the following allegation:

"That plaintiff filed a petition for writ of Habeas Corpus in this court on June 24, 1953, and said petition was denied on July 28, 1953. The United States Court of Appeals for the Ninth Circuit affirmed the judgment of the trial court on September 7, 1954 [215 F.2d 791], and the United States Supreme Court denied writ of certiorari on January 10, 1955 [348 U.S. 916, 75 S.Ct. 298, 99 L.Ed. 718]."

The court issued an order to show cause as to all defendants and, pending hearing, it was ordered that "the defendants, and each of them, be and is restrained and enjoined from deporting said

plaintiff." Del Guercio thereupon filed a motion to dismiss on the ground that the court lacked jurisdiction, that no grounds for relief were stated since the matter was settled by the decision in the case of "Sigurdson v. Landon, Civil No. 15648–C" and that the complaint failed to join indispensable parties.

The trial court found there was not jurisdiction over the subject matter, reciting that:

> " * * * the complaint alleges jurisdiction of the action under the provisions of Section 2201, et seq., of Title 28 U.S.C., and it appearing to the Court that said section does not confer jurisdiction on the Court, and that the Court does not otherwise have jurisdiction to review the matters alleged to have been passed upon by the United States Court of Appeals for the Ninth Circuit;"

■■ The ground of lack of jurisdiction over the subject matter cannot be maintained. It is true the Declaratory Judgment Act[1] does not confer any added jurisdiction upon the federal courts, but merely enlarges the "range of remedies available." Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194. But the mere circumstance that plaintiff did not set out by name and number all of the statutes under which she proceeded avails not. An indispensable prerequisite to declaratory relief is the presence of an "actual controversy."[2] But facts sufficient to obtain judicial review under the Administrative Procedure Act[3] are stated in this complaint.[4]

■ The next matter to be considered is the failure to join indispensable parties. There is no showing who the defendant considered were parties indispensable to this cause. Besides, as noted above, there were John Doe and Richard Roe named as defendants in the original complaint, who were described as officers of the United States Immigration and Naturalization Service. It is true, no one was served except Del Guercio, as far as the record discloses. These John Doe complaints are dangerous at any time. It is inviting disaster to allow them to be filed and to allow fictitious persons to remain defendants if the complaint is still of record. Appropriate action has been taken by the trial court on its own motion in some such cases.[5] Although the fact that the Rules of Civil Procedure, 28 U.S.C.A., contain no express prohibition upon the subject, there is no authority of which we are aware for the joining of fictitious defendants in an action under a federal statute. These defendants should have been eliminated by motion of Del Guercio, and, since they were not eliminated, the question of whether they were in fact the indispensable parties upon which his motion is based remains for consideration. But it cannot be solved in this Court.

However, the whole record will now be examined to determine whether there are other grounds upon which the judgment of the trial court dismissing the action may be sustained. . The contention is made in the government brief that the dismissal may be supported on the ground that the judgment in the previous habeas corpus case[6] is res adjudicata in this declaratory judgment proceeding.

1. 62 Stat. 964, 28 U.S.C.A. § 2201 et seq.

2. 28 U.S.C.A. § 2201.

3. 60 Stat. 237 et seq., as amended, 5 U.S. C.A. § 1001 et seq.

4. 5 U.S.C.A. § 1009. Rodriguez v. Landon, 9 Cir., 212 F.2d 508, is distinguishable inasmuch as the question whether the cause was reviewable under the Administrative Procedure Act was expressly not decided.

5. See for example, in diversity cases, dis-

missal of complaint without prejudice for want of jurisdiction, Molnar v. National Broadcasting Company, 9 Cir., 231 F.2d 684; dismissal of fictitious defendants by the District Court sua sponte, Roth v. Davis, 9 Cir., 231 F.2d 681.

6. Sigurdson v. Landon, 9 Cir., 215 F.2d 791, certiorari denied Sigurdson v. Landon, 348 U.S. 916, 75 S.Ct. 298, 99 L.Ed. 718, rehearing denied 348 U.S. 956, 75 S.Ct. 437, 99 L.Ed. 747.

While the District Court may have had the record of the habeas corpus proceeding before it, even so that record was not brought here. Counsel for the government improperly include in their brief [7] purported findings in that previous case, but neither the record of the deportation hearing nor the trial of the habeas corpus case is properly before this Court. There is no means by which this Court can assume that the record of the deportation hearing upon which the order here attacked was based contained evidence sufficient to satisfy the requirements of § 242(b) of the Immigration and Nationality Act of 1952 [8] and that the District Court so decided. Subsection 4 of that section provides:

"No decision of deportability shall be valid unless it is based upon reasonable, substantial, and probative evidence." [9]

In Marcello v. Bonds, 349 U.S. 302, 311, 75 S.Ct. 757, 99 L.Ed. 1107, it was held that the procedure outlined in the 1952 Act for hearings in immigration proceedings was constitutional and afforded due process. But, to be a valid bar, there must at least have been a finding and judgment in the habeas corpus proceedings which satisfied the tests prescribed by this statute.

While it has been strongly indicated that a judgment based upon appropriate review of the immigration proceeding in a habeas corpus action may be res adjudicata in a subsequent declaratory judgment action on the same grounds,[10] this Court does not have sufficient data to determine whether such a situation is present here. Shaughnessy v. Pedreiro, 349 U.S. 48, 52, 75 S.Ct. 591, 99 L.Ed. 868, decides that, if an alien, not in custody, is subject to an order of deportation, he may try out the question of the validity thereof in a petition for declaratory judgment. Thus there was jurisdiction to decide the matters raised by the petition on the merits.

The District Court did not place the dismissal of the proceeding on the ground that the same matter had been previously adjudicated. There is a cryptic phrase in the order of dismissal to the effect that "the Court does not *otherwise* have jurisdiction to review the matters alleged to have been passed upon by the United States Court of Appeals for the Ninth Circuit." (Emphasis added.) But this cannot be tortured into a holding that the record in habeas corpus proceeding was proved in the District Court and shown to contain findings upon the identical issues presented by the petition for declaratory judgment. A reading of our opinion in the former appeal [11] does not show conclusively what the issues considered and findings made in the District Court were in the habeas corpus proceedings. It is indeed apparent that most of the allegations of this petition for declaratory judgment were covered by testimony in the previous proceeding. However, this declaratory complaint simply alleges denial of a petition for habeas corpus by the District Court, affirmance in this Court and denial of certiorari by the United States Supreme Court.

Since the dismissal was for lack of jurisdiction, and since the record, findings and judgment of the District Court in the previous habeas corpus proceeding are not presently before us, we do not reach the question of whether full consideration of the record of a hearing by the Immigration and Naturalization Service in a habeas corpus proceeding precludes subsequent review of the substantiality of the same evidence on a petition for declaratory judgment. The majority of a panel of this Court has so held in effect.[12] Therefore, this Court reverses the judgment dismissing the

---

7. Appellee's Brief, page 3.

8. 8 U.S.C.A. § 1252(b).

9. 8 U.S.C.A. § 1252(b)(4).

10. Lapides v. Clark, 85 U.S.App.D.C. 101, 176 F.2d 619, certiorari denied 338 U.S. 860, 70 S.Ct. 101, 94 L.Ed. 527.

11. Sigurdson v. Landon, 9 Cir., 215 F.2d 791, 793–795.

12. Crain v. Boyd, 9 Cir., 237 F.2d 927.

complaint for want of jurisdiction and remands the cause for further proceedings.

Remanded.

STEPHENS, Circuit Judge (concurring).

I concur in the opinion prepared by Judge FEE, as I understand it, and in the result reached by him.

However, in order that there be no mistake, I wish to say that I adhere to my belief, as briefly expressed in Crain v. Boyd, 9 Cir., 237 F.2d 927, that the scope of the writ of habeas corpus has not been expanded to that of a declaratory judgment. I shall treat that point fully in an opinion to be filed at a later date in another case.