**W.W. TAYLOR and Southwest Mortgage Service Corporation, Plaintiffs,**

v.

**FEDERAL HOME LOAN BANK BOARD, et al., Defendants.**

**Civ. A. No. CA 3–84–0578–G.**

United States District Court, N.D. Texas, Dallas Division.

Nov. 19, 1986.

See also, 661 F.Supp. 1333.

Corbet F. Bryant, Jr., Carrington, Coleman, Sloman & Blumenthal, Dallas, Tex., for Michael F. Pezzulli.

Wm. B. Kirley, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N.M., for FSLIC.

James T. Lantelme, Washington, D.C., for FHLBB and FSLIC.

Frederick W. Shipman, Nemuel E. Pettie, Dallas, Tex., for plaintiffs.

Stafford Hutchinson, Asst. U.S. Atty., Dallas, Tex., for William Churchill, Leonard McManaman, William Capshaw, Gary Adams, Dorothy Nichols and Rosemary Stewart.

James C. Todd, Asst. Atty. Gen., Mary F. Keller, J.P. Wise, Jim Mattox, Austin, Tex., for Earl Hall and LL Bowman.

## MEMORANDUM ORDER

FISH, District Judge.

Before the court are the defendants Federal Home Loan Bank Board ("Bank Board" or "Board") and Federal Savings and Loan Insurance Corporation ("FSLIC") (sometimes referred together as the "federal agency defendants") and Gary Adams ("Adams"), William Capshaw ("Capshaw"), Leonard McManaman ("McManaman"), Dorothy Nichols ("Nichols"), and Rosemary Stewart ("Stewart"), and William Churchill ("Churchill"), all agents or employees of the Board (sometimes referred to hereinafter as the "federal employee defendants"). All of these defendants seek dismissal of the claims asserted against them.

For the reasons stated below, the motions to dismiss are granted.

### 1. Sufficiency of Service of Process on the Federal Agency Defendants

Service on the Board must be made according to the provisions of 12 C.F.R. § 551.1, which provides that a copy of a summons and complaint must (1) be delivered to the U.S. Attorney or his designee in the district in which the complaint was filed, (2) be sent by certified or registered mail to the Attorney General of the United States in Washington, D.C., and (3) be sent by certified or registered mail to the Secretary of the Board in Washington, D.C.

Service of process upon FSLIC is governed by 12 U.S.C. § 1725(c)(4) and 12 C.F.R. § 568.1. These sections require that service of process on FSLIC be made on a designated agent of FSLIC or the Board and by certified or registered mail to FSLIC in Washington, D.C.

Plaintiffs have failed to comply with these service requirements because they have neither served the Attorney General of the United States as required to complete service on the Board, nor have they served FSLIC in Washington, D.C. as they must to complete service on FSLIC. Because these defects may be curable, however, the court will also discuss other non-curable grounds for dismissal of the claims against the federal agency defendants.

### 2. Claims Under Section 1983

Plaintiffs' complaint is based in part on alleged violation of 42 U.S.C. § 1983, which prohibits the deprivation of rights under color of state law. The Supreme Court considered the reach of § 1983 in *District of Columbia v. Carter*, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973), and held that because the District of Columbia was neither a state nor a territory, a claim against it based on section 1983 could not be sustained. *Id.* at 432–33, 93 S.Ct. at 610. In its discussion of the history of section 1983, the court stated that the stat-

ute was passed to enforce the provisions of the Fourteenth Amendment to the Constitution, which was limited in scope to deprivations of rights under color of state or territorial law. *Id.* at 423–24, 93 S.Ct. at 605–606. Thus, "actions of the Federal Government and its officers are at least facially exempt from [Section 1983's] proscriptions." *Id.* at 424–25, 93 S.Ct. at 606–607.

It is clear that the actions of the federal employee defendants alleged in the complaint were taken under color of federal law. For example, the examinations of State Savings and Loan Association of Clovis, New Mexico performed by Adams, complained of at paragraphs 57, 58, and 59 in the complaint, were performed under the authority of 12 U.S.C. § 1726(b) and 12 C.F.R. §§ 500.18 and 563.17–1. The order of prohibition proceeding allegedly requested by Capshaw, McManaman, and Churchill as detailed at paragraphs 58 and 59, and the order of prohibition allegedly negotiated by Stewart and described at paragraph 60, were under the authority of § 407(m) of the National Housing Act, 12 U.S.C. § 1730(m). Plaintiffs expressly allege that Stewart was negotiating "on behalf of" the Board and FSLIC. Plaintiffs admit that Nichols was representing the Federal Home Loan Bank Board when she allegedly made the representations claimed at page 2 and in paragraph 61 of the complaint.

Federal regulations establish that information obtained by the Bank Board may be provided to state regulatory authorities. 12 C.F.R. § 505.5(b). Thus, the alleged conduct of the federal employee defendants with regard to this information arises under color of federal law.

■ Because the actions taken by the federal employee defendants were taken under color of federal law, the federal employee defendants may not be sued under § 1983. *Campbell v. Amax Coal Company,* 610 F.2d 701, 702 (10th Cir.1979).

In *First Savings & Loan Association v. First Federal Savings & Loan Association of Hawaii,* 547 F.Supp. 988 (D.Hawaii 1982), employees of the Board were sued under § 1983 for conspiring with the Director of Regulatory Agencies of Hawaii under color of state law to cause a liquidity crisis in order to place the association into receivership and to sell its assets to another institution. On a motion to dismiss the § 1983 claims, the court held that "the agents of FSLIC and FHLBB were acting under the color of federal law and [are] not, therefore, persons within the meaning of [section] 1983." The court found the allegations of conspiracy in the complaint "rather vague and mostly conclusionary" and thus insufficient under § 1983 to show that "FSLIC and FHLBB were in some fashion acting under the color of state law." *Id.* at 999.

Plaintiffs' complaint in this case is also vague and conclusory. It alleges no facts that tie the federal employee defendants' actions with a claimed conspiracy by the state defendants. Mere allegations of conspiracy, absent specific admissible supporting facts, are insufficient to permit a claim to be brought under § 1983. Further, plaintiffs must show in their pleading that the defendants violated rights of the plaintiffs that were clearly established at time of the conduct at issue. *Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 3021, 82 L.Ed.2d 139 (1984). Failure to do so mandates dismissal. *See Elliott v. Perez,* 751 F.2d 1472, 1476–82 (5th Cir.1985).

The Board, FSLIC, and their employees and agents were acting under color of federal law and are thus exempt from suit under § 1983. Plaintiffs' § 1983 claims against all of these defendants must therefore be dismissed.

### 3. *Claims Under Section 1981*

■ In *Penn v. Schlesinger,* 490 F.2d 700, 703 (5th Cir.1973), *rev'd on other grounds,* 497 F.2d 970 (1974) (*en banc*), the Fifth Circuit considered whether a claim under 42 U.S.C. § 1981 could be maintained against the federal government. The court found that § 1981 contained no explicit waiver of sovereign immunity and that because such a waiver cannot be implied, a § 1981 suit for dam-

ages is barred. *Id.* at 705.[1] *See also Garcia v. United States,* 666 F.2d 960, 965 (5th Cir.), *cert. denied,* 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982) (waiver of immunity must be found in statute giving rise to the cause of action). Dismissal is appropriate because damage claims are barred against the Board and FSLIC by the doctrine of sovereign immunity.

■ Nor have plaintiffs made any claims for equitable relief against the federal agency defendants that would permit them to circumvent the bar of sovereign immunity. Any amendment of plaintiffs' complaint to request such relief would be futile because—as outlined below—they have failed to state a claim under § 1981.

In order to vest a court with jurisdiction under § 1981,[2] it is well settled that a plaintiff must make allegations of discrimination based on race. *Olivares v. Martin,* 555 F.2d 1192, 1195–96 (5th Cir.1977). Absent such allegations of racial discrimination, the complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim for relief. *Id.; Campbell v. Gadsden County District School Board,* 534 F.2d 650, 653 n. 3 (5th Cir.1976).

Even if a bare allegation of racial discrimination were added to the complaint, it would still be insufficient to state a cause of action. The allegations contained in the complaint are so vague, conclusory, and devoid of factual support that dismissal of the complaint is warranted. *Elliott v. Perez,* above, 751 F.2d at 1479 n. 20.

Because of the defects discussed above, plaintiffs have failed to state a claim under § 1981; the § 1981 claims must therefore be dismissed.

### 4. *Claims Under Section 1985*

■ There are three subsections to 42 U.S.C. § 1985. Subsections (1) and (2) are not applicable to the facts alleged by plaintiffs.[3] The law in this circuit requires dismissal of claims brought under subsection (3) of § 1985 against federal officials if they acted under color of federal law. *Seibert v. Baptist,* 594 F.2d 423, 429 (5th Cir.), *modified on other grounds,* 599 F.2d 743 (1979), *cert. denied,* 446 U.S. 918, 100 S.Ct. 1851, 64 L.Ed.2d 271 (1980); *Mack v. Alexander,* 575 F.2d 488, 489 (5th Cir.1978).

Even assuming that federal officials are suable under § 1985(3), however, the complaint fails to state the necessary elements of a claim under that section. Under *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971), four elements must be shown: (1) a conspiracy (2) for the purpose of depriving a person or class of persons of equal protection of the laws (3) shown by an overt act in furtherance of the conspiracy (4) resulting in an injury to the plaintiff or his property or his being deprived of a right or privilege of United States citizenship. All four elements must be shown.

### A. *Conspiracy*

A bare allegation of conspiracy, absent a showing of some illegality, is insufficient to state a claim under § 1985(3). *See Jones v. Hopper,* 410 F.2d 1323, 1329–30 (10th Cir.

---

1. Similarly, the jurisdictional statute relied on by plaintiffs, 28 U.S.C. § 1343, is not a waiver of sovereign immunity for suits brought under the Civil Rights Act. *Beale v. Blount,* 461 F.2d 1133, 1138 (5th Cir.1972).

2. 42 U.S.C. § 1981 states that:

   All persons within the jurisdiction of the United States shall have the same right to every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of performs and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

3. Subsection (1) of Section 1985 deals with conspiracy to prevent a person from taking federal office or prevent a federal official from discharging his or her official duties. Plaintiffs are a private citizen and a private corporation and have made no allegations in their complaint that they have been prevented from taking a federal office.

   Subsection (2) concerns the intimidation of participants in federal court from testifying in court or the injury to such participants for having so testified. In their complaint, plaintiffs have made no claims of such intimidation of or injury to themselves in any federal court proceedings.

   Plaintiffs have thus failed to state a claim under subsections (1) or (2) of Section 1985.

1969), *cert. denied,* 397 U.S. 991, 90 S.Ct. 1111, 25 L.Ed.2d 399 (1970). In order to sufficiently allege conspiracy, specific admissible facts must be pled. *Henzel v. Gerstein,* 608 F.2d 654, 659 (5th Cir.1979).

Plaintiffs' complaint utterly fails to allege any admissible facts to support the allegations of conspiracy. The only specific actions of these defendants described in the complaint are the examinations of State S & L performed by Adams,[4] the sharing of information with state savings and loan authorities,[5] the representation of the Board by Nichols in *Taylor v. FHLBB,* CA 3–83–1162–R,[6] the recommendation for a cease and desist order against plaintiffs by Capshaw, McManaman, and Churchill,[7] and the negotiations of the order of prohibition by Stewart.[8] None of these acts can seriously be characterized as conspiratorial.

### B. Overt Act in Furtherance of Conspiracy

Because all of the actions of the federal agency defendants were taken pursuant to the authority of federal statute or regulation, they cannot fulfill the "overt act" requirement under § 1985(3).

Under § 1985(3), the overt act in furtherance of a conspiracy must be in violation of some law other than § 1985(3). *McLellan v. Mississippi Power and Light Company,* 545 F.2d 919, 925 (5th Cir.1977) (*en banc*). Plaintiffs have alleged that the federal agency defendants violated Texas Statute 11.18 (apparently Art. 852a, § 11.18, TEX. REV.CIV.STAT.ANN. (Vernon Supp.1986)) by failing to "keep secret, confidential information about Hi-Plains."[9] The Board's regulations, however, specifically permit the sharing of information concerning insured institutions with state savings and loan officials, 12 C.F.R. § 505.5(b).[10] Furthermore, the overt acts must be alleged with sufficient particularity to demonstrate

a conspiracy. *Id.* at 933; *see also Taylor v. Nichols,* 558 F.2d 561, 568 (10th Cir. 1977). Plaintiffs have failed to plead with the requisite particularity a conspiracy or any overt act in furtherance of a conspiracy.

### C. Deprivation of a Class of Persons of Equal Protection of Law

Another element of a § 1985(3) action is an allegation of some discriminatory purpose for the alleged conspiracy. The Supreme Court stated in *Griffin v. Breckenridge,* 403 U.S. at 102, 91 S.Ct. at 1798, that under § 1985(3) there must be some racial, or perhaps otherwise class-based, discriminatory animus behind the conspirators' action. Taylor has alleged neither a racial nor any other type of class-based animus by defendants sufficient to satisfy the requirements of § 1985(3).

The Supreme Court in *United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983) held that § 1985(3) cannot be construed "to reach conspiracies motivated by economic or commercial animus." 103 S.Ct. at 3361. In *Scott,* the plaintiff construction company and some of its employees sued the union and some individual union members claiming that they were subject to class-based discrimination by the defendants, *i.e.,* deprivation of the class-members' protected right of association under the First Amendment. The Supreme Court held that the plaintiffs had failed to show that there was some racial, or perhaps otherwise class-based, discriminatory animus behind the conspirators' action. In *Scott,* the court determined that the discriminatory animus was economic in nature and thus beyond the scope of § 1985(3).

4. Complaint, paragraphs 57, 58, and 59.

5. Complaint, paragraph 38.

6. Complaint, preamble and paragraph 61.

7. Complaint, paragraphs 58 and 59.

8. Complaint, paragraph 60.

9. Complaint, paragraph 38.

10. Plaintiffs have made allegations as to violations of certain statutes of Texas and New Mexico by various non-federal defendants, in concert with unspecified defendants. Complaint, paragraphs 35, 48, and 56. Such claims are too vague and devoid of fact to support a section 1985(3) claim against these defendants.

Similarly, the complaint in this case fails to state a claim upon which relief can be granted under § 1985(3) because the complaint alleges a conspiracy based solely on economic or commercial motivations.[11]

Furthermore, in order to satisfy the discriminatory purpose element of § 1985(3), the class which is suffering from the discriminatory animus must be comprised of members defined by immutable characteristics for which the members of the alleged class have no responsibility, *e.g.*, racial or sexual characteristics. *Wagar v. Hasenkrug*, 486 F.Supp. 47, 50 (D.Mont.1980). The plaintiff must be a member of a statutorily protected class and the actions taken by the defendants must be prompted by that class membership. *Silkwood v. Kerr-McGee Corporation*, 637 F.2d 743, 746–47 (10th Cir.1980), *cert. denied*, 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 111 (1981), *citing Lessman v. McCormick*, 591 F.2d 605, 608 (10th Cir.1979). In *Silkwood*, the § 1985(3) complaint defined plaintiff's class as her union or group with particular views on nuclear safety. The Tenth Circuit found that neither group was a class protected by § 1985(3). The court reviewed the complaint and found that

> it seems clear from the complaint as a whole that the feud, if there is one, is private; no general prejudice which transcends the immediate dispute is shown. Rather the hatred which defendants allegedly harbor is against Karen Silkwood and her associates arising out of the activities of parties involved. *See Lessman v. McCormick*, 591 F.2d 605, 608 (10th Cir.1979). We hold this is essentially a private feud not within the intended scope of the Act's coverage. As was aptly stated by the district court, to hold otherwise would make § 1985(3) "applicable to all conspiratorial interferences with the rights of others, as there are no bounds upon the ingenuity of counsel in pleading novel and diverse

classes to fit every conceivable situation."

*Id.* at 748.

Like the plaintiff in *Silkwood*, plaintiffs here have failed to define the immutable class to which they belong and for which they are being persecuted. Even under the liberal standards of Rule 12(b)(6), Fed.R. Civ.P., the complaint describes nothing more than a "private feud."

### D. Summary of Deficiencies Under § 1985

Plaintiffs' § 1985(3) claim fails to allege several elements under the Griffin test. 403 U.S. at 102–03, 91 S.Ct. at 1798–99. The complaint fails to allege a conspiracy with sufficient particularity, fails to show an overt act by defendants illegal under some law other than § 1985(3), fails to define plaintiffs' immutable class prompting the discriminatory conduct, and alleges only economically based animus not actionable under § 1985(3). For these reasons, the § 1985 claims against all of these defendants must be dismissed.

### 5. Common-Law Tort Claims

Plaintiffs have not formally claimed damages in tort, although paragraphs 33, 40, 53, 69, 72, and 74–79 of the complaint appear to make allegations sounding in tort.[12] Should the plaintiffs attempt to amend their complaint to formally make such tort claims, they would be barred, with respect to the federal agency defendants, by sovereign immunity.

The United States cannot be sued in tort except to the extent that Congress has enacted legislation authorizing suit. *Dalehite v. U.S.*, 346 U.S. 15, 30–31, 73 S.Ct. 956, 965, 97 L.Ed. 1427 (1953). In the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671–2680 ("FTCA"), Congress has enacted a limited waiver of sovereign immunity for tort damages. The FTCA does not create new

---

**11.** *See* complaint, paragraphs 38, 39, 40, 50, 52, 63, 66, and 75 (motive for alleged conspiracy is to interfere with plaintiffs' business, deprive plaintiffs of their anticipated profits, and take plaintiffs' property for purpose of selling it to a competitor).

**12.** These common-law tort claims are for libel, slander, interference with contract rights, and infliction of mental anguish.

causes of action, but only accepts liability for certain torts that exist under state law. *Feres v. U.S.*, 340 U.S. 135, 141, 71 S.Ct. 153, 156–57, 95 L.Ed. 152 (1950).

The FTCA states that the United States may be held liable "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The United States can be held liable for its otherwise actionable negligence, so long as neutral principles of tort law would impose liability upon a private individual undertaking the same activity. *See Indian Towing Company v. U.S.*, 350 U.S. 61, 68–69, 76 S.Ct. 122, 126–127, 100 L.Ed. 48 (1955).

■ The provisions of the FTCA are exclusive: even the "sue and be sued" jurisdiction granted to the FSLIC in 12 U.S.C. § 1725(c)(4) does not permit suits sounding in tort. 28 U.S.C. § 2679(a). If a tort suit does not come within the exceptions to immunity created by the FTCA, the action is barred altogether. *See, e.g., Colonial Bank and Trust Company v. American Bankshares Corporation*, 439 F.Supp. 797, 803 (E.D.Wis.1977).

■ The tort claims against the United States permitted by the FTCA are limited by certain specific exemptions. 28 U.S.C. § 2680(h) specifically exempts suits for libel, slander, and interference with contract rights. Any suit against the federal agency defendants based upon such torts, no matter how artfully pleaded, is barred under the FTCA and such suits must be dismissed.

Similarly, federal officials acting within the limits of their authority are absolutely immune from common law tort claims. *Barr v. Matteo*, 360 U.S. 564, 574–75, 79 S.Ct. 1335, 1341–42, 3 L.Ed.2d 1434 (1959). *Barr* involved a federal official sued for defamation. Plaintiffs' libel and slander claims against the federal employee defendants in this case are also barred and must be dismissed. The holding in *Barr*, however, is not limited to the tort of defamation, but confers absolute immunity from all common-law damage suits. *See*

*Butz v. Economou*, 438 U.S. 478, 494–95, 98 S.Ct. 2894, 2904–05, 57 L.Ed.2d 895 (1978).

In *Evans v. Wright*, 582 F.2d 20, 21 (5th Cir.1978), the court held that federal officials are absolutely immune from suit for tortious interference with contractual relations when acting within their official duties because such tort was not a constitutional tort but an "ordinary" common-law tort.

Even if an official has, in fact, committed the tort alleged, the official is nonetheless immune from civil damages if "the action of the federal official bear[s] some reasonable relation to and connection with his duties and responsibilities ...". *Claus v. Gyorkey*, 674 F.2d 427, 431 (5th Cir.1982). The rule "protects an official from trial for actions which, even though tortious, nevertheless can be said to be within the outer bounds of the official's authority." *Williams v. Collins*, 728 F.2d 721, 727 (5th Cir.1984). The claims alleged against the defendants in paragraph 69 of the complaint (mental anguish, emotional distress, and loss of income and reputation) are common-law torts and are thus barred against the federal employee defendants by their absolute immunity.

It is clear that all actions taken by the federal employee defendants were within the scope of their official responsibilities. Accordingly, all of the common law tort claims against these defendants must be dismissed.

### 6. *Constitutional Tort Claims*

■ Even if plaintiffs' complaint is interpreted as alleging constitutional torts, a position plaintiffs have not argued, these too are barred, with respect to the federal agency defendants, by the FTCA. The FTCA does not include federal constitutional torts in its reference to the 'law of the place' under § 1346(b). *Birnbaum v. United States*, 588 F.2d 319, 327 (2d Cir. 1978). The applicable rules of substantive decision are to be drawn from local law. *Id.* In *Birnbaum* the court failed to find any evidence that Congress contemplated

"local law" to include federal constitutional torts:

> Since Congress restricted the basis for liability under the Act to the "law of the place," we think that it would be a *tour de force* to consider direct violations of the federal constitution as "local law" torts. Such a rule might be tantamount to a bypass of the sovereign immunity of the United States without the consent of Congress. We hold, accordingly, that the claim for relief may not be sustained on that basis.

*Id.* at 328.

Moreover, that the federal employee defendants are entitled to dismissal of the constitutional tort claims because the defense of qualified immunity has been made out as a matter of law. A plaintiff who seeks damages for violation of constitutional or statutory rights may overcome the defendant official's qualified immunity only by showing that those rights were clearly established at the time of the conduct at issue. *Davis v. Scherer,* above, 468 U.S. 183, 104 S.Ct. at 3018, 82 L.Ed.2d 139 (1984) (deciding a claim under 42 U.S.C. § 1983 but citing to standard of review under *Butz v. Economou* and *Harlow v. Fitzgerald*).

### 7. *Discretionary Functions*

The FTCA also provides a specific exemption for discretionary functions. 28 U.S.C. § 2680(a). The exemption precludes a suit "based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, ... or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty...." *Id.* A discretionary function derives from properly delegated authority within the competence of the agency and is exercised or not exercised pursuant to that authority. *Birnbaum,* 588 F.2d at 329.

The Board and the FSLIC clearly have authority to issue cease and desist orders against insured savings and loan associations, 12 U.S.C. § 1730(e), to issue orders of prohibition against individuals participating in the affairs of insured institutions, 12 U.S.C. § 1730(g), to examine insured institutions, 12 U.S.C. §§ 1726(b) and 1730(m), to appoint a receiver for an insured institution, 12 U.S.C. § 1729(c)(1)(B), and to prosecute or defend suits in court, 12 U.S.C. §§ 1464(d)(1), 1725(c)(4).

The complaint alleges its claims on the acts or omissions of the Board's employees and agents in the performance of their duties with the Board. The alleged sharing of information by Adams, Capshaw, McManaman, Churchill, FSLIC, and the Board,[13] and their alleged request for New Mexico authorities to issue a cease-and-desist order, even if true, are within the Board's authority, 12 C.F.R. § 505.5(b), 12 U.S.C. § 1730(*o* ).

The actions complained of in Count III of the complaint concerning the Board's examination of State S & L, the issuance of cease and desist orders and a notice of prohibition, and the FSLIC receivership of State S & L are, on their face, clearly within the authority of the Board and the FSLIC, *i.e.,* within the official responsibility of their agents and employees. The reports and letters attached to the complaint as its Exhibits A, B, C, D, G, H, and I were clearly written by the Board employees in the course of their official duties. The cease-and-desist order and notice of prohibition complained of in paragraph 60 were, plaintiffs allege, issued by the Bank Board and FSLIC through their agents and servants and employees, including those named therein as defendants. Defendant Nichols is alleged in paragraph 61 to have appeared before Judge Buchmeyer "individually and on behalf of FHLBB and FSLIC."

The conversation alleged in paragraph 62 between Taylor and defendant McManaman, even if true, only serves to underscore that McManaman was acting within his official duties. Paragraph 60 alleges that the Consent Agreement between Taylor and the Board was "negotiated by [defendant] Stewart on behalf of FHLBB and FSLIC."

---

13. Complaint, paragraph 38.

In Count IV of their complaint, plaintiffs allege that Adams, Capshaw, and Churchill "either refused and/or neglected to use their power and/or position of authority to prevent or assist in preventing the ... constitutional deprivations alleged throughout [the] complaint." All such allegations clearly are within the discretionary authority of the federal agency defendants. Thus, a suit concerning those actions is barred by sovereign immunity and those claims must be dismissed.

### 8. Exhaustion of Administrative Remedies

■ Finally, even if the plaintiffs have stated a cause of action for a tort that is cognizable under the FTCA, they have failed to exhaust their administrative remedies as required by that statute. To comply with 28 U.S.C. § 2675(a), plaintiffs must file a claim with the Board and FSLIC and wait until the claim is denied or until six months have passed from the date the claim is presented to these agencies before they can bring suit. Until these procedures are followed, no court has jurisdiction to hear the claim. Because plaintiffs have failed to make any tort claim under the FTCA with either the Board or the FSLIC, this court does not have subject matter jurisdiction. Consequently, the claims must be dismissed under Rule 12(b)(2), Fed.R.Civ.P.

### 9. Jurisdiction Over John Does and Jane Does One Through Fifty

■ Plaintiffs list Does 1–50 as additional federal and state defendants plaintiffs anticipate adding to the complaint. No allegations are made as to their residence or as to any specific acts performed by any of them against plaintiffs. Neither the Federal Rules of Civil Procedure nor the statutes cited by plaintiffs as the basis for this suit (28 U.S.C. § 1343, 42 U.S.C. § 1983, and 42 U.S.C. § 1985(3)) provide any authority for the joining of fictitious defendants.

In *Sigurdson v. Del Guercio*, 241 F.2d 480 (9th Cir.1956), the court was faced with two federal "Doe" defendants. The court stated that:

[t]hese John Doe complaints are dangerous at any time. It is inviting disaster to allow them to be filed and to allow fictitious persons to remain defendants if the complaint is still of record. Appropriate action has been taken by the trial court on its own motion in some such cases. Although the fact that the Rules of Civil Procedure, 28 U.S.C.A., contain no express prohibition upon the subject, there is no authority of which we are aware for the joining of fictitious defendants in an action under a federal statute. These defendants should have been eliminated by motion of [defendant] Del Guercio.

*Id.* at 482. *Accord, Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190–91 (9th Cir.1970); *Craig v. United States*, 413 F.2d 854, 854–57 (9th Cir.), *cert. denied*, 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969).

It is quite clear that the naming of the 50 Does, none of whom has been served, for the purpose of adding them to the lawsuit, if they are ever discovered, would prejudice them if they do in fact exist, because they would be treated as if they were in the suit from the filing of the complaint. Fed.R. Civ.P. 15(c) is the only way that a plaintiff may name additional defendants after a lawsuit has been filed. The Rule makes no provision for the naming of "Does" and later substitution of a real person's name. *Craig*, 413 F.2d at 856. Thus, the court has no personal jurisdiction over Does 1–50.

The plaintiffs' claims against the Doe defendants are also deficient for the same reasons discussed in reference to the identified defendants. Since the claims against the identified defendants have been held deficient, it is clear that the claims against the Doe defendants must also fail.

The "Doe" defendants are entitled to dismissal claims against them pursuant to Fed.R.Civ.P. 12(b)(1) and (2).

### 10. Conclusion

It appears that the sole purpose for filing this complaint was to harass and intimidate these federal regulatory authorities, and their employees, and to discourage them

from carrying out their official responsibilities. Plaintiffs have utterly failed to demonstrate a single fact to substantiate their allegations of ill-will and discrimination. The defendants, by their various pleadings, have amply demonstrated that all of their actions were in good faith and within their authority under federal law. Because defendants have not sought Rule 11 sanctions, the court has not considered them. If, however, this matter is appealed, sanctions should be considered if deemed appropriate by the appellate court. Defendants' motion to dismiss is GRANTED. Plaintiffs' complaint is DISMISSED with prejudice, at plaintiffs' cost, as to all of these defendants.

SO ORDERED.