MEMORANDUM **
In what may be the longest running personal bankruptcy case in this Circuit, R. Todd Neilson acts as the trustee (the “Trustee”) of the bankruptcy estate (the “Estate”) of Thelma Spirtos (“Thelma”). On July 9, 2003, the Trustee brought an adversary proceeding (the “Adversary Proceeding”) against Thelma, her mother Polymnia Vouis (“Vouis”), and her daughter, Michelle Spirtos (“Michelle”) (collectively, the “Appellants”) in the bankruptcy court to determine, inter alia, the Estate’s interest in a particular piece of real property (“Parcel Two”). The Trustee sought discovery from Appellants in the Adversary Proceeding, but Appellants would not submit to examinations. On June 20, 2004, the Trustee moved, inter alia, for the imposition of discovery sanctions pursuant to Federal Rule of Civil Procedure 37 and Federal Rule of Bankruptcy Procedure 7037 (“Motion for Discovery Sanctions”). On July 28, 2004, the bankruptcy court heard the Motion for Discovery Sanctions. On August 13, 2004, the bankruptcy court entered an order granting the Motion for Discovery Sanctions, striking Appellants’ answer, entering default, and requiring the Trustee to prove up the case.
On September 15, 2004, the Trustee filed a “Motion for Entry of Default Judgment Against Defendants Thelma Spirtos, Polymnia Vouis, and Michelle Spirtos” (the “Motion for Default Judgment”). On October 6, 2004, the bankruptcy court heard the Trustee’s Motion for Default Judgment. On October 26, 2004, the bankruptcy court entered judgment against Michelle on the second, fifth, and seventh claims for relief, determining that Parcel Two is property of the Estate and requiring Michelle to turn the property over to the Trustee. The court also entered judgment against Thelma for $63,396 on the Trustee’s sixth claim for relief.
Appellants appealed to the district court, which affirmed. Appellants timely appealed to this court. Appellants filed a request for judicial notice on September 25, 2008, which we now deny.
We conduct an independent review of the bankruptcy court’s decision. In re At Home Corp., 392 F.3d 1064, 1067 (9th Cir.2004); see also In re Marquam Inv. Corp., 942 F.2d 1462, 1465 (9th Cir.1991). We review questions of law de novo. Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir.2007). We review the imposition of discovery sanctions pursuant to Federal Rule of Civil Procedure 37 for abuse of discretion. Fair Hous. of Marin v. Combs, 285 F.3d 899, 905 (9th Cir.2002). Additionally, we review findings of fact related to a motion for discovery sanctions for clear error. Adriana Int’l Corp. v. Thoeren, 913 F.2d 1406, 1408 (9th Cir.1990).
On appeal, Appellants argue, inter alia, that the Adversary Proceeding must be dismissed because the Trustee failed to substitute a personal representative for Vouis after her death. Vouis died on August 4, 2004. The bankruptcy court entered default judgment against Appellants on August 13, 2004. Jon Eardley, who at *49 the time was representing all Appellants, filed a declaration on October 5, 2004 which informed the bankruptcy court that Vouis had died. The bankruptcy court entered final judgment against Appellants on October 26, 2004. Appellants now claim that Vouis was an indispensable party to the Adversary Proceeding and that her death ousted this court of jurisdiction pending the appointment of a personal representative. However, Vouis had no claim upon Parcel Two because she had quitclaimed the property to Michelle on November 29, 2001, and the quitclaim deed was recorded on August 5, 2002. See City of Manhattan Beach v. Superior Court of L.A. County, 13 Cal.4th 232, 52 Cal.Rptr.2d 82, 914 P.2d 160, 164 (1996) (“A quitclaim deed transfers whatever present right or interest the grantor has in the property.” (quotation marks omitted)). Indeed, in Appellants’ answer filed in the bankruptcy court, Vouis is described as a former owner; she asserted no claim of interest or title in Parcel Two. Therefore, Vouis was not a real party in interest in the Adversary Proceeding. Because she was not a real party in interest, her absence from the suit has no effect on our jurisdiction. See Roth v. Davis, 231 F.2d 681 (9th Cir.1956) (“Jurisdiction is not ousted by the joinder or non-joinder of mere formal parties.”); Zee Med. Distrib. Ass’n v. Zee Med., Inc., 23 F.Supp.2d 1151, 1155 (N.D.Cal.1998) (“[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.” (citing Navarro Sav. Ass’n v. Lee, 446 U.S. 458, 461, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980)) (quotation marks omitted)).
Next, Appellants argue that the bankruptcy court abused its discretion by ordering termination sanctions against them. Under Federal Rule of Civil Procedure 37, applicable to bankruptcy adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7037, “if a party ... fails to obey an order to provide or permit discovery,” the district court may issue orders “striking pleadings in whole or in part,” “dismissing the action or proceeding in whole or in part,” and “rendering a default judgment against the disobedient party.” Federal Rule of Civil Procedure 37(b)(2)(A).
We review an order granting termination sanctions for abuse of discretion, and in so doing, we consider the factors identified in United States ex rel. Lujan v. Hughes Aircraft Co., 67 F.3d 242, 247 (9th Cir.1995).
Here, Appellants failed to appear for examinations noticed pursuant to Federal Rule of Bankruptcy Procedure 2004 in June 2003. After the Trustee filed the Adversary Proceeding, Appellants refused to participate in a Federal Rule of Civil Procedure 26(f) conference and thereby delayed discovery for approximately four months. Appellants again failed to appear for examinations noticed after commencement of the Adversary Proceeding for February 2004. Michelle failed to appear for a March 5, 2004 examination to which she had previously consented. Vouis failed to make herself available for deposition within two weeks of her release from the hospital, as required by court order. Thelma failed to appear for her May 5, 2004 court-ordered deposition based on the claim that Eardley could not appear because Michelle was ill. Michelle failed to appear for her May 12, 2004 court-ordered deposition, claiming she was ill. In its July 28, 2004 hearing on the Motion for Discovery Sanctions, the bankruptcy court specifically found that:
[T]he repeated failure to appear for the depositions was willful. There’s constantly been a lack of cooperation in discovery by the parties.... The parties have *50 indicated that they have no intention of appearing. Any offers to appear are totally hollow based on the record of the parties.
Thus, the propriety of the bankruptcy court’s issuance of termination sanctions is amply supported by the record. Therefore, we hold that the bankruptcy court did not abuse its discretion when it granted the Trustee’s Motion for Default Judgment against Appellants.
The judgment of the bankruptcy court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.